## No. 9553.

### MRS. JESSIE R. BELL VS. A. RIGGS & BRO.

Injunction will not lie against a prospective nuisance, except in cases where its establishment will occasion imminent danger or irreparable injury, or at least where there is no question that the proposed erection will be a nuisance in the sense of the law.

Defendants having obtained permission from the city to erect a steam engine on their own premises, plaintiff, a neighbor, cannot enjoin them from such erection in advance, upon allegations of apprehended danger and injury, when the evidence leaves it doubtful whether such danger or injury will result from the erection in the mode proposed by defendants, and when, if they arise of a nature to justify legal redress, the remedy then afforded will be ample and sufficient to abate them.

It is not necessary to determine what amount or character of danger or injury would support plaintiff's right to judicial relief.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

*Sam'l L. Gilmore* and *James D. Hill* for Plaintiff and Appellant.

*Albert Voorhies* and *Branch K. Miller* for Defendant and Appellee.

The opinion of the Court was delivered by

FENNER, J. Defendants are cistern makers, who carried on that business on property owned by themselves and adjoining the dwelling house of plaintiff.

Being desirous of applying steam power to their factory, they presented a petition to the city council for permission to do so, representing that it would not injure neighboring property, and declaring their intention "to confine the boiler used in their factory within a brick room with iron roof and doors, and the whole independent of and away from their main factory building." They accompanied their petition with one signed by eighteen owners of property in the immediate neighborhood, expressing the opinion that no injury would result, and approving the granting of the permit.

The plaintiff, with thirteen other property holders of the vicinage, presented a counter-petition opposing the permit.

The council, after consideration of the premises, on July 24, 1884, adopted the following resolution: "Resolved, That permission be granted to A. Riggs & Bro. to erect and maintain a small steam-engine and boiler on their premises, used as a cistern factory, No. 247 Delord street; this privilege revocable at the pleasure of the council."

It seems sufficiently obvious that the council, in this exercise of the police power, has been influenced by the representation that the work would not injure neighboring property, and has carefully guarded itself

in case such representation should prove to be false, by reserving the power of revoking the privilege at its pleasure.

It is equally evident, in view of this reservation and of the right of neighboring proprietors to have legal redress against private nuisances, that it would be the interest as well as the duty of defendants so to construct their works as not to injure, or to injure to the least possible extent, their neighbors.

Nevertheless, without waiting to see in what manner the works would be built, what safeguards would be adopted to prevent apprehended injury, and whether such injury would actually result, the plaintiff rushes into court with this suit for an injunction to restrain defendant "from proceeding to erect and from erecting any steam-engine, boiler or appurtenances thereto on the premises No. 247 Delord street."

The action cannot be sustained.

The rule is founded in reason and firmly established by authority that injunction will not lie against a prospective nuisance except in cases where its establishment will occasion imminent danger or irreparable injury, or at least where there is no question that the proposed erection will be a nuisance violative of legal right. Wood, Law of Nuisances, §§ 103, 104.

The grounds of plaintiff's action are substantially:

1st. That by reason of the accumulation of lumber and shavings in defendant's business, the erection of a steam-engine would create danger of fire, imperilling the property and lives of plaintiff and her family.

2d. Because the noise and smoke and steam therefrom would injure the health and peace of herself and family and impair the value of her property.

We consider these apprehended consequences by no means so certain as to justify the judicial interference now invoked.

The evidence establishes that the defendants propose to erect their engine and boiler at a point as remote as possible from their own factory and from plaintiff's house; that the boiler, in connection with which alone fire is to be used, is to be detached from the engine and enclosed in a brick, fire-proof building; that a smoke-stack considerably higher than the surrounding buildings is to be used; that it is to be fitted with a spark-arrester or other arrangement to prevent the emission of sparks; and that the escape of steam is to be in the smoke-stack, so as to neutralize the noise as far as possible.

It may be that the effect of such precautions may demonstrate the apprehensions of plaintiff to be imaginary; but, at all events, she

may well await the result before seeking redress for apprehended injuries.

We can discover no such imminent danger or irreparable injury from the erection of the steam power, as may not find redress by prompt resort to judicial remedy when the danger or injury has arisen.

What amount or character of danger or injury would entitle plaintiff to relief, in any event, is a question not now presented, and will be determined only when necessary. But see C. C. 669; Blanc vs. Murray, 36 Ann. 167; Lewis vs. Behan, 28 Ann. 130; City vs. Lambert, 14 Ann. 247.

Judgment affirmed.

Watkins, J., not having heard the argument, takes no part.

---

## On Application for Rehearing.

We have given attentive consideration to the very able and earnest brief filed in support of this application.

Counsel complains that our opinion herein conflicts directly with that in Blanc vs. Murray, 36 Ann. 162.

Consistency is a jewel more precious, perhaps, in jurisprudence than anywhere else, and it is our sincere desire to guard and preserve it. But we are utterly unable to discover the conflict suggested.

In Blanc's case, the complaint was against an established nuisance; in this, against a prospective nuisance. This difference is essential, and at once destroys all possibility of conflict between the two opinions.

It is claimed that, entirely independently of the addition of steam power, the existing conditions of defendants' establishment were identical with those which we pronounced a nuisance in Blanc's case.

But, in the first place, plaintiff makes no complaint and seeks no abatement of existing conditions; and, in the second place, the predicate of identity is not correct.

In Blanc's case, we gave a very careful statement of the conditions, saying, amongst other things. "The upper story is open. Within is collected a quantity of seasoned pine and cypress. The defendant is a cistern builder, and this shed of two stories is his shop. Shavings are plentiful within, and without are piles of lumber. * * A steam railway passes in the middle of St. Joseph street several times a day, puffing out sparks of fire. Of course, the danger of ignition of the shavings and the seasoned lumber is always imminent."

In our opinion on rehearing, we said: "We have not held that the construction of a wooden building, even within the fire limits of the city is *per se* a private nuisance. Nor have we held that the business

of cistern maker is a private nuisance *per se*. What we have held is, that the business of cistern making, pursued in the manner which the evidence exhibits, in a structure of the kind built by defendants, in such a locality and with such surroundings as here shown, is a private nuisance," etc.

Now, without adverting to other differences between the conditions thus stated and those here prevailing, it is sufficient to say that, in this case, the premises are not located on St. Joseph street and the steam trains, "puffing out sparks of fire," do not pass by them; and the consequent "imminent danger of ignition" does not exist.

In the next place, the structure in which the business is conducted, instead of being an "open two-story shed," is a closed one-story building, sheathed on sides and top with iron.

Indeed, leaving out the question of the application of steam, the evidence leaves it doubtful whether Riggs & Bro.'s establishment does not conform to the requirements imposed by the modified injunction in Blanc's case.

The sole question was whether the erection of a steam-engine would convert a business, not complained of as actually carried on, into a nuisance.

The city authorities, in the exercise of the police powers confided to them, upon due consideration, had determined that such would not necessarily be the result but, out of abundant caution, had reserved the right of revoking the privilege at pleasure. The evidence made it probable that, erected and conducted in the manner proposed, it would not expose plaintiff to the danger or inconvenience anticipated.

Under such circumstances, it would have been surely a rash exercise of judicial power for us to have overruled, in advance, the decision of the police authority, upon allegations of apprehended danger, which defendants denied and the evidence left doubtful.

In refusing to do this, we conformed to precedents, and certainly impugned, in no degree, the principles cautiously and carefully defined in Blanc vs. Murray.

Rehearing refused.