(78 South. 844)

No. 21789.

HILL v. BATTALION WASHINGTON AR-
TILLERY OF CITY OF NEW
ORLEANS.

.(May 27, 1918.)

*(Syllabus by the Court.)*

NUISANCE ⑂⟞⟞23(1)—INJUNCTION—INTENDED
USE.

Where a structure, intended for use as a
stable, is not shown to be a nuisance, as actually
used, or likely to become a nuisance if when
used as intended, an injunction prohibiting such
intended use is properly dismissed.

Appeal from Civil District Court, Parish
of Orleans; Fred D. King, Judge.

Action for injunction by James D. Hill
against the Battalion Washington Artillery
of the City of New Orleans. Judgment for
defendant refusing an injunction, and plain-
tiff appeals. Judgment amended, and, as
amended, affirmed.

H. G. Morgan and L. A. Morphy, both of
New Orleans, for appellant. A. V. Coco, At-
ty. Gen., for appellee.

MONROE, C. J. Plaintiff, as owner of
certain premises fronting on St. Charles
street, in the square otherwise bounded by
Julia, St. Joseph, and Carondelet streets,
prosecutes this appeal from a judgment re-
jecting his demand for a writ of injunction
restraining defendant and its agents from
keeping horses in, or using as a stable, cer-
tain sheds, or buildings, alleged to be in
course of construction in the rear of, and ad-
joining, said premises; the allegation being
that the proximity thereof will render the
premises less habitable and depreciate their
value.

It appears from the testimony, taken on
the hearing below, that the structure com-
plained of was completed before this suit
was instituted; that the work was done
at the expense of the state, upon a lot leas-
ed from A. D. Michel; that the horses, to
be therein installed, are to be furnished by
the United States and maintained at the
expense of the state, for the use of the
Battalion Washington Artillery, a mili-
tary organization now in the service of
the United States, though whether it is the
particular organization herein made defend-
ant is not so clear. However that may be,
the testimony fails to show that the struc-
ture in question, as now used, is a nuisance,
or that it will become a nuisance when used
as proposed. As suggested, however, we shall
reserve to plaintiff the right to renew this
suit in the event that it should so become,
though we are inclined to think that he
would have that right, without the reserva-
tion.

It is therefore ordered that the judgment
appealed from be so amended as to reserve to
plaintiff the right to renew this suit in the
event the stable in question should here-
after be allowed to become a nuisance, and,
as thus amended, affirmed; plaintiff to pay all
costs.