(106 So. 730)

No. 27533.

CANONE et al. v. PAILET et al.

(Jan. 4, 1926.)

*(Syllabus by Editorial Staff.)*

1. Nuisance ⬚⟳5—Injunction against building ice factory held unwarranted.

Injunction against building of ice factory, on grounds that owner of lots in subdivision had sold them under stipulation that no objectionable business should be established, that police ordinance had not been complied with, and that factory would be a nuisance per se, *held* unwarranted.

2. Nuisance ⬚⟳4—Lawful business not enjoined as nuisance because of fear.

A lawful business is never a nuisance per se, and establishment thereof cannot be prevented because of fear that it might be conducted so as to become a nuisance.

Appeal from Twenty-Fourth Judicial District Court, Parish of Jefferson; L. Robert Rivarde, Judge.

Suit by Paul Canone, Jr., and another against Irbin Pailet and another to enjoin building of ice factory. Judgment for defendants, and plaintiffs appeal. Affirmed.

See, also, 159 La. 698, 106 So. 118.

F. A. Middleton and Charles J. Larkin, Jr., both of New Orleans, for appellants.

C. A. Buchler, of Gretna, and Lemle, Moreno & Lemle, of New Orleans, for appellees.

O'NIELL, C. J. This is an injunction suit to forbid the building of an ice factory on either of two lots owned by the defendants in what is called the Gruner subdivision, in the parish of Jefferson. The lots are designated as No. 44 and No. 45 in block 1, bounded by the Gruner road, La Barre road, Metarie road, and the New Orleans Terminal Railroad. Each of the plaintiffs, Paul Canone, Jr., and John Ernst, has his residence in the Gruner subdivision. They obtained a temporary writ of injunction, but, after hearing the case on its merits, the court gave judgment for the defendants, dissolving the writ of injunction and rejecting the plaintiffs' demand. They have appealed from the decision.

[1] They alleged as their cause or right of action: (1) That the lots in the Gruner subdivision were sold by the owner of the subdivision under the stipulation that no objectionable business should be established there;

(2) that there was a police jury ordinance prohibiting the establishment of any manufacturing plant in the parish without a special permit from the police jury, and that the defendants had no such permit; and (3) that the ice factory which the defendants were about to construct would be a nuisance per se, and a nuisance in fact and in law.

There was no restriction or stipulation in the defendants' deed for their lots, or in any antecedent deed, as far as the record shows, with regard to the use that might be made of the lots. There was a stipulation in the deed of one of the plaintiffs prohibiting any objectionable business establishment, or the building of a residence costing less than $4,000, on the lot that he bought. But that has nothing to do with the right of the defendants to use their property as they see fit.

There was a police jury ordinance, adopted in February, 1925, forbidding the construction or operation of any establishment using coal, oil, electricity, or other motive power in the operation of its business, without a special permit from the police jury, and requiring any one desiring to establish or operate such plant to file a written request with the secretary of the police jury, to be acted upon at the next regular meeting. The request had been filed by the defendants, and the permit was granted at a special meeting of the police jury on the next day after this suit was filed. As a matter of precaution, the permit was granted again at the next regular meeting of the police jury, 12 days later. Pretermitting the question of authority of the police jury to enact the ordinance requiring such permit, and the question whether the plaintiffs could invoke the ordinance for their individual advantage, we find that the defendants complied with the ordinance, and that the plaintiffs had no cause to complain on that score.

[2] The allegation that the ice factory will be a nuisance is contradicted overwhelmingly

160 LA.—6

by the evidence. The proposed factory is what is called an electrically driven plant. Such factories, even much larger than the one which the defendants propose to erect, are almost noiseless, and cause little or no vibration in their operation. It is hardly possible for the factory to become a nuisance to either of the plaintiffs. One of them has his residence about 1,000 feet away, and the other about 3,500 feet away, from the factory site. The nearest residence is 500 feet from the site. A lawful business is never a nuisance per se, and no one has the right to prevent the establishment of such business for fear that it might be conducted so as to become a nuisance. Bell v. Riggs & Bros., 38 La. Ann. 555; City of New Orleans v. Lagasse, 114 La. 1055, 38 So. 828; Lewis v. Sandell, 118 La. 852, 43 So. 526; Hill v. Battalion Washington Artillery, 143 La. 533, 78 So. 844; City of New Orleans v. New Orleans' Butchers' Co-operative Abattoir, 153 La. 536, 95 So. 113.

The judgment is affirmed.