(108 So. 138)

No. 27329.

**GRAVER et al. v. LEPINE et al.**

(March 29, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Nuisance ☞4—Erection of ice factory cannot be enjoined for fear it might be nuisance.**

An ice factory is not a nuisance per se, and establishment of such a business cannot be en-

161 LA.—4

joined for fear that it might be conducted as a nuisance.

**2. Nuisance ☞33—Injunction against erecting ice factory held unwarranted.**

Injunction against erecting ice factory in area suitable for industrial establishments on ground that it would constitute a nuisance in fact and in law, a menace to health of the community, and a danger to safety of school children *held* unwarranted; evidence failing to support allegations.

Appeal from Civil District Court, Parish of Orleans; William H. Byrnes, Jr., Judge.

Suit by Mrs. Theodore D. Graver and others against J. W. Lepine and others to enjoin the erection of an ice factory. From a judgment granting a preliminary injunction, defendants appeal. Judgment set aside, and preliminary injunction annulled.

Habans & Coleman, of New Orleans, for appellants.

Sanders, Baldwin, Viosca & Haspel, of New Orleans, for appellees.

ROGERS, J. Plaintiffs brought this suit to enjoin the erection and operation of an ice factory on two lots of ground owned by the three defendants and situated at the corner of Tchoupitoulas and Arabella streets, in the city of New Orleans.

The principal complainant appears to be Mrs. Theodore D. Graver, who lives on Joseph street, which is one block below Arabella street. The other plaintiffs, with few exceptions, reside several blocks away from the site of the proposed plant.

Plaintiffs prayed for, and obtained, a temporary restraining order, and, after a full hearing on a rule nisi, were granted the preliminary injunction which they sought. The district judge stated, in a written memorandum which is filed in the record, that he issued the writ because he was of the opinion that the status quo should be maintained until such time as this court should have an

opportunity to pass upon the question involved. He specifically declared that, if the trial had been on the merits, he would not have maintained or perpetuated the injunction.

The defendants applied for suspensive and devolutive appeals. A suspensive appeal was refused, but a devolutive appeal was granted. Act 29 of 1924, § 5.

Plaintiffs set forth as their cause of action that the contemplated ice manufacturing plant will be a nuisance per se, and a nuisance in fact and in law; that it will constitute a menace to the health of the community; and that it will endanger the public safety, particularly with reference to the children attending a public school and frequenting a public playground which are alleged to be located within two blocks of the proposed factory.

The portion of ground upon which defendants purpose to erect their ice factory is not within an area expressly set aside by the municipal authorities as a residential zone. As a matter of fact, it is particularly suitable for the location of an industrial establishment. It is in what is generally known as the river front section of the city. Directly opposite, a large coal yard is in operation, served by railroad switch tracks for loading and unloading coal, which is delivered by trucks and wagons to patrons residing in different parts of the city. The Public Belt and the Illinois Central railroads maintain and operate a number of tracks immediately in front of the square in which the factory is to be located. Great docks have been developed and extended beyond Arabella street. At that street, and just across Tchoupitoulas street, the coal tipple of the board of port commissioners has been constructed and is now in operation. The grain elevator and cotton warehouse are in the vicinity. The mahogany plant of the Otis Manufacturing Company is one of the growing industrial enterprises of the neighborhood, and that company has recently taken possession of space adjacent to defendants' property in the same square for a lumber yard, and it also operates a lumber yard in the opposite square between Arabella and Joseph streets.

Defendants hold a permit from the commission council of the city of New Orleans, authorizing them to erect and operate their ice factory. This permit was issued by the unanimous vote of the commissioners, over the protest of some of the present plaintiffs, after a full hearing on, and investigation of, the matter in dispute.

[1] An ice factory is not a nuisance per se (Le Blanc v. Orleans Ice Mfg. Co., 46 So. 226, 121 La. 249, 17 L. R. A. [N. S.] 287), and the allegation that the proposed plant will become a nuisance is not supported by the evidence. Defendants' factory is to be a small establishment—what is generally known as a 16-ton plant. It is to be electrically driven. The testimony conclusively shows that such factories, even of greater capacity than the one defendants purpose to erect, are almost noiseless and practically free from vibration in operation. The evidence was to the same effect in Canone v. Pailet, 160 La. 159, 106 So. 730, a case in which we had occasion recently to determine whether or not an electrically driven ice factory was a nuisance per se or would become one in fact and in law. In that case we said, citing ample authority to support the statement, that:

"A lawful business is never a nuisance per se, and no one has the right to prevent the establishment of such business for fear that it might be conducted so as to become a nuisance."

[2] The record is barren of evidence tending to show, even remotely, that the proposed ice factory will be a menace to the health of the community.

We do not find any basis for the charge contained in plaintiffs' petition that defend-

ants' plant will endanger the safety of the children attending the Danneel school and frequenting the Eleonore playground. The school is situated at the corner of Nashville avenue and Annunciation street, fronting on the avenue. It is more than 2 blocks away from the site of the proposed factory. The playground is, approximately, 3½ blocks distant from that point. With reference to the corner of Arabella and Tchoupitoulas streets, both school and playground are away and back from the river and towards the lake. Defendants' property is not in the path of the children going to and from those points. The superintendent of public schools of the city of New Orleans was called to the witness stand, and testified that after a personal investigation of the locality he had withdrawn his protest against the factory, and that its erection and operation was unobjectionable from the standpoint of the public school. He also stated, in answer to questions propounded by counsel for defendants, that the Merrick school, a large elementary school attended by white children, is within less than a block of an extensive ice factory situated at the corner of Cadiz and Freret streets, just off Napoleon avenue, in a restricted residential area, and that no complaints have reached him either from the patrons or from the teachers of the school in regard to this plant since it began operations three years ago, and that no accidents because of traffic have been reported.

Our conclusion is that plaintiffs' suit is without merit, and that the preliminary injunction herein issued by the district judge should be set aside.

For the reasons assigned, the judgment appealed from is set aside, and it is now ordered that the rule nisi herein issued be discharged, and that the preliminary injunction herein granted be, and the same is hereby, annulled at plaintiffs' cost.