SAVOY, Judge.
Plaintiff filed suit against defendant for an injunction to abate an alleged nuisance. Plaintiff alleged that he owned a tract of land on which he and his family live. Said land is located north of Interstate Highway 10 near Crowley, Louisiana. Defendant leased a four-acre tract of land south of his and operates on said premises a truck stop, restaurant and car wash. The majority of the defendant’s customers are the operators of large trailer trucks which consume diesel fuel. Gasoline is also sold on the premises. Defendant sells approximately 3,000 gallons of the above named products daily; that in order to store the diesel and gasoline defendant constructed on the leased premises, within five feet of plaintiff’s property line and 150 feet from plaintiff’s home, four above ground fuel storage tanks. Two of the tanks are approximately 20 feet in height and each has a storage capacity of 16,800 gallons. The other two tanks are approximately 15 feet high and each has a capacity of 12,-600 gallons. Pipelines run from the tanks to the pumps from which the fuel is dispensed.
Plaintiff became concerned about the tanks being so close to his home and asked defendant to either move them to another portion of the four acres leased or to bury them underground. Defendant refused to comply with this request, and the instant suit followed. Defendant filed an answer generally denying all material allegations of the petition. After a trial on the merits judgment was rendered in favor of defendant and against plaintiff. Plaintiff appealed.
In oral argument and in his brief counsel for appellant states that the district court *58 was in error in finding that the tanks owned by defendant on the leased premises did not constitute a nuisance.
Counsel for plaintiff relies on LSA-C.C. Articles 667, 668 and 669, and on the expert testimony of Messrs. Ronald Lewis and Charles R. Houssiere, Jr., both petroleum experts, in support of his position.
LSA-C.C. Articles 667, 668 and 669 provide as follows :

"Art. 667. Limitations on me of property.

“Although a proprietor may do with his estate whatever he pleases, still he can not make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him.’’

"Art. 668. Inconvenience to neighbor.

“Art. 668. Although one be not at liberty to make any work by wlych his neighbor’s buildings may be damaged, yet every one has the liberty of doing on his own ground whatsoever he pleases, although it should occasion some inconvenience to his neighbor.
“Thus he who is not subject to any servitude originating from a particular agreement in that respect, may raise his house as' high as he pleases, although by such elevation he should darken the lights of his neighbors’s [neighbor’s] house, because, this act occasions only an inconvenience, but not a real damage.”

"Art. 669. Regulation of inconvenience.

“If the works or materials for any man-ufactory or other operation, cause an inconvenience to those in the same or in the neighboring houses, by diffusing smoke or nauseous smell, and there be no servitude established by which they are regulated, their sufferance must be determined by the rules of the police, or the customs of the place.”
Mr. Lewis testified he examined the premises leased by defendant one time for about forty-five minutes. He said the tanks were constructed in accordance with the American Petroleum Institute standards designated as 12F; that the tanks were designed to store crude oil and not for storing refined products; that refined products create a vapor pressure, and to store these products, it is necessary to have a structurally sound tank; that in the case of crude oil storage the internal pressure is two pounds per square inch, whereas in the case of refined products the internal pressure will vary between two and ten pounds per square inch if the tanks were properly sealed. In the instant case the witness determined that the tanks were not properly sealed and vapors escaped from the tank into the atmosphere. As the tanks are presently situated, there is danger because of the escaping fumes. These are combustible, and if they come in contact with an open flame or some temperature that is high enough to cause ignition, they could possibly cause a flame and burn. If the flames reached the tank, it would explode. He concluded his testimony by stating that after an examination of the premises, he was of the opinion that the tanks as presently constructed pose a dangerous condition.
On cross-examination Mr. Lewis stated that there were vents on the tanks. He admitted that if the vents were four ounces, then the pressure in the tanks would be well within the two pound per square inch as determined by A.P.I. standards.
Mr. Houssiere testified that he had worked with Lewis in investigating the situation concerned herein. He concurred in Mr. Lewis’ opinion. He took into consideration the testimony of defendant that at times the entire premises were covered with large trailer trucks.
Defendant testified he had operated the business for approximately three years without incident; that he had been checked by the office of the Louisiana State Fire Marshall and insurance underwriters; that several changes had been recommend *59 ed, and these were made to the satisfaction of these individuals; that the tanks each contained four-ounce vents; that he purchased products from Texaco; that Texaco made deliveries about three times a week with their equipment and men, and the products were placed in the large storage tanks by the employees of Texaco.
We have been able to find only two cases dealing with the subject of whether the business of storing, selling, and handling liquified petroleum products is or is not a nuisance per se. These cases hold that it is not. Galouye v. A. R. Blossman, Inc., 32 So.2d 90 (La.App. 1 Cir. 1947), writ denied; and, Beauvais v. D. C. Hall Transport, 49 So.2d 44 (La.App. 2 Cir. 1950).
The jurisprudence in this State is that a lawful business cannot be abated as a nuisance, unless it is operated in such a way as to give rise to serious and material discomfort and inconvenience to persons living in close proximity thereto.
Defendant’s business is conducted some distance from the City of Crowley, Louisiana, and is in a commercial area. There was no showing that the trucks or their operators were noisy. Plaintiff’s home is approximately 150 feet north of defendant’s premises. There is another service station across the road or highway from plaintiff’s property. We agree with the trial judge that plaintiff has not carried the burden of proof that a nuisance exists in the present case so as to grant injunctive relief.
For the reasons assigned the judgment is affirmed at plaintiff’s costs.
Affirmed.