SANDERS, Justice.
The plaintiff, Francis Hilliard, sued to enjoin Elden Ray Shuff from maintaining four aboveground fuel storage tanks on his property adjacent to the Hilliard residence. The Fifteenth Judicial District Court held that plaintiff’s evidence failed to establish a nuisance and denied injunctive relief. The Third Circuit Court of Appeal affirmed. 241 So.2d 56.[1] We granted certiorari to review the judgment of the Court of Appeal. 257 La. 454, 242 So.2d 577 (1971):
. The facts of the case are clear. Hilliard owns a tract of land in a commercial area north of Interstate Highway 10 near Crowley, Louisiana. He and his family live on the plot.
' The defendant, Shuff, holds an adjoining four acre tract under lease. He uses the site for a truck stop, including a service station, a restaurant, and a car wash. Gasoline and diesel fuel sales average 3,000 gallons per day.
In order to meet the demand for motor fuel, Shuff installed four used, aboveground storage tanks within 5 feet of Hilliard’s property and about 150 feet from his residence. The tanks have a combined capacity of 58,800 gallons. He uses the tanks to store 25,200 gallons of gasoline and 33,600 gallons of diesel fuel. Both gasoline and diesel fuel are volatile. They generate high internal tank pressures.
The tanks were neither designed nor built for the storage of gasoline and diesel fuel. As constructed, they were designed for the storage of crude oil only. Crude oil is much less volatile than either gasoline or diesel fuel and generates no excessive pressure.
Because of the higher pressures of gasoline and diesel fuel, the tanks were vented. The vents, however, operate by releasing fumes, which are flammable and dangerous. The record reflects that they can be ignited by a random spark.
Defendant recognized the danger by posting the following warning sign on the tanks: Flammable and dangerous. No smoking within 50 feet. In testimony, defendant’s own expert inferred that an ignition hazard existed within 20 feet of the tanks. The record is clear that the zone of danger extends well into the Hilliard property.
Plaintiff contends that the maintenance of these tanks deprives him of the use of 45 feet of his property and poses a threat to his residence. He seeks to have the tanks moved to another portion of defendant’s property or placed underground.
*389 Plaintiff relies upon the following articles of the Louisiana Civil Code:
“Art. 667. Although a proprietor may-do with his estate whatever he pleases, still he can not make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him.”
“Art. 668. Although one be not at liberty to make any work by which his neighbor’s buildings may be damaged, yet every one has the liberty of doing on his own ground whatsoever he pleases, although it should occasion some inconvenience to his neighbor.
“Thus he who is not subject to any servitude originating from a particular agreement in that respect, may raise his house as high as he pleases, although by such elevation he should darken the lights of his neighbor’s house, because this act occasions only an inconvenience, but not a real damage.”
“Art. 669. If the works or materials for any manufactory or other operation, cause an inconvenience to those in the same or in the neighboring houses, by diffusing smoke or nauseous smell, and there be no servitude established by which they are regulated, their • sufferance must be determined by the rules of the police, or the customs of the place.”
These code articles control the disposition of the case. The storage of basic fuels, a lawful activity, does not, without more, violate these articles. Phrased in terms of nuisance, the storage of such fuel does not constitute a nuisance per se. See Canone v. Pailet, 160 La. 159, 106 So. 730 (1926); Crump v. Carnahan, 155 La. 648, 99 So. 493 (1924); Galouye v. A. R. Blossman, Inc., La.App., 32 So.2d 90 (1948). When, however, the storage of fuel creates a substantial hazard to the adjoining property, the use of the property runs counter to the code articles. In determining whether the storage creates a substantial hazard to the adjoining property, the court must consider such factors as location, structure of the storage tanks, quantity of fuel stored, operational procedures, as well as the surrounding circumstances. See Robichaux v. Huppenbauer, 258 La. 139, 245 So.2d 385 (1971); Borgnemouth Realty Co. v. Gulf Soap Corporation, 212 La. 57, 31 So.2d 488 (1947); Devoke v. Yazoo & M.V.R. Co., 211 La. 729, 30 So.2d 816 (1947); Froelicher v. Oswald Ironworks, 111 La. 705, 35 So. 821 (1903).
In Devoke v. Yazoo & M.V.R. Co., supra, this Court stated:
“It is the universally accepted rule of law that ‘The owner of property has a right to conduct thereon any lawful business not per se a nuisance, as long as the business is so conducted that.it will not unreasonably inconvenience a neighbor in, the reasonable enjoyment of his .property-But every business, however lawful, must. *391 be conducted with due regard to the rights of others, and no one has a right to erect and maintain a nuisance to the injury of his neighbor even in the pursuit of a lawful trade, or to conduct a business on his own land in such a way as will be injurious or offensive to those residing in the vicinity.’ ”
Defendant’s use of crude oil tanks for the storage of gasoline and diesel fuel within a few feet of plaintiff’s property offends these principles. The hazard created is not limited to structures, but threatens the physical security of the Hilliard family and others lawfully upon the premises.
As the dissenting judge in the Court of Appeal noted, the plaintiff cannot safely operate an automobile, truck, tractor, or even a power mower on his property within the danger zone.
That the plaintiff was aware that the tanks were being erected and made no complaint creates no bar to injunctive relief under the circumstances. The record does not reflect that plaintiff then had knowledge that, because of their improper design, they would create a hazard to his property.
A violation of the code articles relating to the use of property, however, requires no automatic injunction to remove the tanks. Robichaux v. Huppenbauer, supra. Injunction is an equitable remedy and should be carefully designed to achieve the essential correction at the least possible cost and inconvenience to the defendant.
We note, as did the Court of Appeal, that the defendant made a substantial investment in the erection of the tanks. The record fails to reflect whether some corrective action short of removal or underground placement is feasible. Under these circumstances, a remand to the trial court for the reception of further evidence relative to methods of correction will best serve the interest of justice.
For the reasons assigned, the judgment of the Court of Appeal is reversed, and an injunction, both mandatory and prohibitory, is granted on such terms and conditions as the district court may find necessary after the reception of further evidence. For the determination of the terms and conditions of the injunction, the case is remanded to the Fifteenth Judicial District Court for further proceedings consistent with the views herein expressed. All costs are assessed against the defendant.

. Judge Hood dissented with written reasons. See 241 So.2d 59.