ON MOTION TO DISMISS APPEAL
HOOD, Judge.
This matter is before us on a motion filed by plaintiffs to dismiss the appeal taken by defendant.
The suit originated as an action by Francis H. Hilliard for judgment enjoining defendant from operating fuel storage tanks near plaintiff’s property. The trial court rejected plaintiff’s demands, and we affirmed that judgment. Hilliard v. Shuff, 241 So.2d 56 (La.App. 3 Cir. 1970).
After reviewing the case on certiorari, the Supreme Court concluded that plaintiff was entitled to the injunctive relief which he sought, but that the record failed to reflect whether some corrective action short of removal or underground placement was feasible. It determined that a remand to the trial court for the reception of further evidence relative to methods of correction would best serve the interest of justice. Judgment thus was rendered by the Supreme Court reversing our decision, and decreeing that:
“. . . an injunction, both mandatory and prohibitory, is granted on such terms and conditions as the district court *846 may find necessary after the reception of further evidence. For the determination of the terms and conditions of the injunction, the case is remanded to the Fifteenth Judicial District Court for further proceedings consistent with the views herein expressed.” Hilliard v. Shuff, 260 La. 384, 256 So.2d 127 (1971).
Plaintiff died after that judgment was rendered, and his widow and children were substituted as party plaintiffs.
Pursuant to the decree of the Supreme Court, additional evidence was taken, and judgment was rendered by the trial court on March 16, 1973, granting the injunction sought by plaintiffs, prohibiting defendant from locating ground fuel storage tanks within 150 feet of plaintiff’s property, and ordering him to remove and to properly vent four such tanks within 90 days from the date that judgment becomes final. Defendant has appealed from that judgment, and plaintiffs have filed a motion to dismiss that appeal. It is that motion to dismiss which is before us now.
The movers contend that the issues presented have already been reviewed on appeal, and that the judgment rendered by the district court on March 16, 1973, was rendered in accordance with the specific mandate of the Supreme Court following that review. They argue that under those circumstances no further appeal lies from the district court judgment. To support that argument they refer us to the general rule stated in 4 C.J.S. Appeal and Error § 137, p. 444, and to Jordan v. Smith, 209 La. 1028, 26 So.2d 128 (1946); Alba v. Holstead, 210 La. 357, 27 So.2d 130 (1946); and Stassi v. Gureasko, 239 La. 951,120 So.2d 489 (1960).
The rule applied in each of the cited cases was stated in Jordan v. Smith, supra, as follows:
“When an appellate court renders a final judgment on the merits of a case, disposing of all of the issues tendered, and remands the case to the trial court for the purpose merely of having a certain calculation made, or of having certain specified facts ascertained, and with instructions to the trial court to render judgment according to the opinion rendered by the appellate court, the merits of the case are not subject to review or reconsideration by means of another appeal.”
In the instant suit the Supreme Court did not render a final judgment disposing of all of the issues tendered. It did not determine, for instance, the important issues of the type of corrective action which should be required of defendant, and the time within which that action should be taken. The case was remanded to the trial court for additional evidence and for a determination of those issues on the merits. It thus was remanded for purposes other than merely having a calculation made or having specified facts ascertained. We feel that under these circumstances the rule applied in the cited cases is not applicable here.
We agree that that part of the judgment of the trial court which decrees that a permanent injunction, both mandatory and prohibitory, be issued against defendant was rendered in accordance with the mandate of the Supreme Court, and that that part of the decree is not subject to review or reconsideration by means of another appeal. We believe, however, that the remaining parts of the trial court judgment, which specify the terms and conditions of the injunction, are subject to review on appeal, since those issues have never been considered or determined by an appellate court, and those parts of the trial court judgment were not rendered in accordance with a specific mandate of the Supreme Court.
Since the judgment appealed from in this instance is a final judgment which determines issues not resolved by the Supreme Court, and not covered by the mandate of that court, we think the judgment is ap-pealable. See Pepper v. Dunlap, 9 La.Ann. *847 137 (1854); Succession of Popp, 148 La. 663, 87 So. 508 (1921).
For these reasons, the motion to dismiss the appeal is denied.
Motion to dismiss appeal denied.