SAVOY, Judge.
The instant suit originated as an action by plaintiff praying that defendant be enjoined from operating fuel storage tanks near the property of plaintiff, which adjoins that which defendant occupies as lessee. The trial court rejected plaintiff’s demand and dismissed his suit. We affirmed. Hilliard v. Shuff, 241 So.2d 56 (1970). Plaintiff applied for, and the Supreme Court granted, a writ of certiorari. After a hearing, the Supreme Court reversed our judgment and held that plaintiff was entitled to injunctive relief, but since the record did not contain sufficient evidence for them to determine whether corrective action short of removal was fea *267 sible, it remanded the case to the district court for reception of additional evidence to determine the terms and conditions of the injunction. Hilliard v. Shuff, 260 La. 384, 256 So.2d 127.
Plaintiff died after judgment. His widow and children were substituted as party plaintiffs.
In a written opinion rendered in the instant case, this court denied the motion to dismiss the appeal, 280 So.2d 845.
After a second trial, the district judge held that the only corrective measure was to remove the tanks away from the property of plaintiff 150 feet and there to vent them. Accordingly, as directed by the Supreme Court, he granted a permanent injunction prohibiting defendant, his employees, heirs and agents from locating or placing above ground, fuel storage tanks within 150 feet of the plaintiff’s property. Defendant appealed.
Dr. Ronald L. Lewis, an expert for plaintiff, testified that the tanks could not be buried underground, that the venting of the tanks would not abate the nuisance, and that the removal of the tanks was the only corrective measure which could be taken.
Dr. William Bernard, an expert for defendant, testified that replacing the old vents with a new type of vent would correct the danger from vapor and that it would not be necessary to remove the tanks from their present location.
The court gave greater weight to the testimony of the plaintiff expert. Considering the evidence as a whole, we cannot say that he committed error.
For the foregoing reasons, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.