394 So.2d 855 (1981)
ACADIAN HERITAGE REALTY, INC., Plaintiff-Appellant,
v.
CITY OF LAFAYETTE, Defendant-Appellee.
No. 8040.
Court of Appeal of Louisiana, Third Circuit.
February 9, 1981.
*856 Fruge & DeJean, Kenneth W. DeJean, Lafayette, for plaintiff-appellant.
Mouton & Roy, Ronald J. Judice, Lafayette, Joseph A. Koury, Lafayette, for defendant-appellee.
Before DOMENGEAUX, STOKER and LABORDE, JJ.
LABORDE, Judge.
The trial court sustained the City of Lafayette's exception of no cause of action and ordered dismissal of Acadian Heritage, Inc.'s petition for damages against the City. The issue on appeal is whether Acadian's petition sets forth a cause of action. Under Louisiana Civil Code Articles 2315, 667 and 669, we hold that it does. We reverse and remand.
Acadian alleges that prior to May 1, 1979, it owned and had interests in certain property situated in Lafayette Parish. Also prior to May 1, 1979, some of this property was being used for residential development and the rest was to have that use in the future.
According to Acadian's petition, on May 4, 1979, the City of Lafayette purchased a 60.78 acre tract of land in Lafayette Parish. The 60.78 acre tract was adjacent to or in close proximity to those properties owned by Acadian and in which Acadian had interests. Acadian alleges that the City purchased the tract in order to construct, maintain, and operate a sanitary landfill and that the landfill site was constructed.
Acadian further alleges that the landfill creates a nuisance because among other things, the works create unknown environmental effects upon the area; the works will necessitate the use of heavy machinery in its operation thereby causing increased traffic flow in the area; and the works will disrupt the country atmosphere and aesthetic value of the area.
Acadian alleges that it has been damaged as a result of the City's construction of the landfill site. More particularly, Acadian claims that it experienced an immediate lack of interest by the public in acquiring property or homes resulting in a loss of sales. In addition to the sales losses Acadian alleges refusal or hesitancy of financial institutions to lend money for additional development or to finance purchases for potential buyers; lowering of the appraisal values of property or homes in the area; loss of developmental potential; and damage to Acadian's reputation or business standing in the community. Acadian concludes with a prayer for the damages it claims resulted from the City's use of its land for the landfill.
The City raised an exception of no cause of action which was sustained by the trial court.
In determining whether a petition states a cause of action, our Supreme Court in Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975), provided the following guidelines at page 96:
"The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition. The correctness of the well-pleaded allegations of fact is conceded, the issue is whether the face of the petition presents a case which legally entitles the mover to the redress sought. It is the sufficiency of the petition or motion in law which is put at issue by the exception. Rebman v. Reed, 286 *857 So.2d 341 (La.1973); Louisiana State Board of Medical Examiners v. England, 252 La. 1000, 215 So.2d 640 (1968).
If a petition states a cause of action as to any ground or portion of the demand, the exception of no cause of action must be overruled. Louisiana & Arkansas Railway Company v. Goslin, 258 La. 530, 246 So.2d 852 (1971); Burns v. Genovese, 254 La. 237, 223 So.2d 160 (1969); Little v. Haik, 246 La. 121, 163 So.2d 558 (1964); Elliott v. Dupuy, 242 La. 173, 135 So.2d 54 (1961); United Mine Workers v. Arkansas Oak Flooring Co., 238 La. 108, 113 So.2d 899 (1959).
In considering a petition against which an exception of no cause of action has been raised, every reasonable interpretation must be accorded its language in favor of maintaining the sufficiency of the petition and affording the litigant an opportunity to present his evidence. Eschete v. City of New Orleans, 258 La. 133, 245 So.2d 383 (1971); Erath Sugar Co. v. Broussard, 240 La. 949, 125 So.2d 776 (1961). Pleadings must be reasonably construed so as to afford litigants their day in court, to arrive at the truth and to avoid a miscarriage of justice. Budget Plan of Baton Rouge, Inc. v. Talbert, 276 So.2d 297 (La.1973)."
The issue presented by Acadian's petition is: Does the construction of a sanitary landfill site adjacent to and in close proximity to property owned by plaintiff give rise to an action for damages caused by this proximity which impairs the market value and full use of the neighboring estate?
The legal principles set forth in Articles 667 and 2315 of the Civil Code are relied upon to sustain Acadian's cause of action.
"Art. 667: Although a proprietor may do with his estate whatever he pleases, still he can not make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him."
"Art. 2315. Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it. * * *"
In the Hero case, supra, the Court at page 97 stated:
"A suit for damages instituted as a result of a proprietor's violation of the obligation imposed upon him by Article 667 of the Civil Code is not a tort action in the sense that deliction in its usual connotation is a necessary element. Craig v. Montelepre Realty Co., 252 La. 502, 211 So.2d 627 (1968) (McCaleb, J., concurring)."
"As expressed in the Article, the principle is a limitation the law imposes upon the rights of proprietors in the use of their property. It is a species of legal servitude in favor of neighboring property, an expression of the principle of sic utere. An activity, then, which causes damage to a neighbor's property obliges the actor to repair the damage, even though his actions are prudent by usual standards. It is not the manner in which the activity is carried on which is significant; it is the fact that the activity causes damage to a neighbor which is relevant. Chaney v. Travelers Insurance Company, 259 La. 1, 249 So.2d 181 (1971). The article expresses, as this Court has often stated, a doctrine of strict liability which does not depend upon deliction. Craig v. Montelepre Realty Co., supra; Gotreaux v. Gary, 232 La. 373, 94 So.2d 293 (1957); Fontenot v. Magnolia Petroleum Co., 227 La. 866, 80 So.2d 845 (1955); Devoke v. Yazoo & M. V. R. Co., 211 La. 729, 30 So.2d 816 (1947)."
The law, therefore, fixes the responsibility of a proprietor to his neighbor, and the City is a proprietor and Acadian is its neighbor within the contemplation of Article 667. Salter v. B. S. W. Corporation, Inc., 290 So.2d 821 (La.1974). Thus, the only issue presented here is whether the allegations of Acadian's petition are sufficient in law to establish that Acadian has been damaged by the City's construction of the sanitary landfill site. If facts are alleged which would, as a matter of law, constitute damage to Acadian's property caused by the City's purchase of the property and subsequent construction of the landfill *858 site, the petition states a cause of action. Even though the City may use its property as it sees fit, it can not make any work on it which may deprive Acadian of the liberty of enjoying its own, or which may cause damage to Acadian. LSA-C.C. art. 667. Hero Lands Company v. Texaco, Inc., supra.
The facts considered to be true for the purpose of this exception are that the purchase of the land and the construction of the landfill site in close proximity to the Acadian property created a nuisance because the works involved inherent dangers which are known to the public, to those purchasing land for residential purposes, and to those lending money for business and residential purposes.
The specific alleged violations of the City include:
"(a) Locating a landfill site in a country residential area in complete disregard for petitioner's rights, which landfill will necessitate the use of heavy machinery in its operation, cause a great increase in the traffic flow in said area and will have additional unknown effects upon said area;
(b) Failure to properly conduct an impact study on the area so as to select the most feasible site, which would cause the least amount of damage to individuals and/or businesses in that area;
(c) Building and/or purchasing said landfill site in disregard of petitioner's rights, all the while knowing that the full effect of the landfill's operation on the area and environment would be unknown;
(d) Failing to inform the public or residents in the immediate area of the landfill as to the intent of the city to locate said landfill in that area;
(e) Failing to do that which should have been done so as to minimize damages and disruption of the country atmosphere and aesthetic values of the area;
(f) Using its property in such a manner so as to cause damages to others in the surrounding area and creation of a nuisance."
As a result of these facts and circumstances, damage has been incurred by Acadian to the extent of $1,625,000. In addition, Acadian has incurred damages for loss of reputation, adverse publicity, mental anguish and anxiety to the extent of $200,000.
We realize that the law has decreed that certain inconveniences must be tolerated. LSA-C.C. art. 668. But, the extent of inconvenience the property owner must tolerate without redress depends upon the circumstances. When the works cease to be inconveniences and become damaging is a question of fact which must await determination on the merits.
We conclude that plaintiff's allegations may, if adequately supported by convincing evidence, support an action for abuse of rights under Articles 2315 and 667 of the Civil Code.
The City, in brief, argues on appeal that the sustaining of the no cause of action exception should be affirmed because Acadian did not allege that the landfill was in operation. For support, the City cites part of the trial judge's written reasons for judgment wherein the judge stated:
"The petition does not allege any damages to its property by the operation and, in fact, does not allege the operation of the landfill at the present time. The exception is hereby sustained and plaintiff's claim is denied at its costs."
By its own terms, Civil Code Article 667 says a proprietor can not make any work on his property "which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him." It does not say a proprietor can not make any work, the operation of which, may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage. (Emphasis supplied.) According to the petition, Acadian was damaged when the proposed landfill site was constructed and its effects were immediately feltall without the necessity of beginning the landfill operations. Hence, the mere fact that the petition does not allege damages resulting from operation or actual operation of the landfill is of no consequence. Acadian's allegations that *859 the City purchased land and constructed the landfill site thereon which resulted in impairment of Acadian's own use of its land and caused Acadian damage is sufficient to state a cause of action under Article 667. In addition, this Court in Salter v. B. W. S. Corporation, Inc., 281 So.2d 764, 769 (La. App. 3rd Cir. 1973), stated that the exercise of the sic utere servitude of Article 667 requires only "an objective finding of probability that the owner or occupier of the dominant estate MAY at some time be deprived of enjoyment of his property or suffer damage because of the work made upon the servient estate."[1] (Emphasis theirs.)
As a second assignment of error Acadian contends "that the trial court erred in failing to grant plaintiff time to amend its petition to correct or attempt to correct any infirmities the court may have found in the original petition." Our ruling on the first assignment of error pretermits the need for considering the second assignment.
For these reasons, the exception of no cause of action is overruled and the case is remanded to the trial court to be proceeded within accordance with law. Costs of this appeal are taxed against the City in the amount of $135.99 in accordance with LSA-R.S. 13:4521 and 13:5112. All other costs await further proceedings.
REVERSED AND REMANDED.
STOKER, J., concurs and assigns written reasons.
DOMENGEAUX, J., concurs in the result and agrees with the comments contained in the concurring opinion of STOKER, J.
STOKER, Judge, concurring.
I concur in overruling the exception of no cause of action in this case. I will state my own views with reference to one point touched upon in the majority opinion. A cause of action of the nature involved in this case requires a balancing of interests, which means that plaintiff here will not necessarily win its case if it proves its allegations. When an exception of no cause of action is overruled it usually follows that if the plaintiff then proves the allegations of the petition, the plaintiff wins. In the case of Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975), cited in the majority opinion, the following statement was made:
"But the extent of inconvenience the property owner must tolerate without redress depends upon the circumstances. When the actions or works cease to be inconveniences and become damaging is a question of fact. The problem is one which involves the nature of the intrusion into the neighbor's property, plus the extent or degree of damage. No principle of law confines this damage to physical invasion of the neighbor's premisesan extrinsic injury, as it were. The damage may well be intrinsic in nature, a combination of facts and conditions which, taken together, do not involve a physical invasion but which, under the circumstances, are nevertheless by their nature the very refinement of injury and damage. Salter v. B. W. S. Corporation, Inc., 290 So.2d 821 (La.1974). Compare Hillard v. Shuff, 260 La. 384, 256 So.2d 127 (1972) (Barham, J., dissenting)."
It may be that when all the facts and circumstances of this case are known, a balancing of interests will require that plaintiff accept any inconvenience or damage which may result from construction of the sanitary fill and prospective operation thereof. The sole damage which plaintiff alleges is a depression of the value of its land for residential development. There may be some question whether this type of damage or inconvenience requires redress in the form of damages. That matter should receive consideration in the light of facts at trial. See the per curiam in Hero Lands Company v. Texaco, Inc., supra.
NOTES
[1] On appeal to the Louisiana Supreme Court, 290 So.2d 821 (La.1974) that Court held the injunctive relief in an action predicated on Article 667 is controlled by Code of Civil Procedure Article 3601 which by its terms requires a showing that the proposed operations will occasion irreparable injury. The Court remanded on that basis. This does not affect the earlier pronouncement by this Court concerning Article 667.