587 So.2d 122 (1991)
George L. KING, Michael King and Stanley King, Plaintiffs,
v.
WESTERN CLUB, INC. and Alice Bennett, Defendants.
No. 22736-CA.
Court of Appeal of Louisiana, Second Circuit.
September 25, 1991.
Carso & Noel by Robert S. Noel, II, Monroe, for defendants.
Blackwell, Chambliss, Hobbs & Henry by Sam O. Henry, III, Sam O. Henry, IV, West Monroe, for plaintiffs.
Before SEXTON, BROWN and STEWART, JJ.
*123 HENRY N. BROWN, Jr., Judge.
Defendant, Western Club, Inc., leased property from co-defendant, Alice Bennett, to operate an after hours club. The club was open on weekends from 10:30 p.m. until 4:30 a.m., sold set-ups and provided music either live or through a disc jockey. Large and rowdy crowds gathered at the club to continue a night of drinking and revelry. George King owned and resided on the neighboring property. George King's sons, Stanley and Michael, lived with their families in mobile homes located on their father's property. Plaintiffs, George, Stanley and Michael King, sued for damages asserting that life had become intolerable on weekends due to the operation of the club. Evidence showed that patrons of the Western Club damaged and littered plaintiffs' property, used it as a urinal and committed thefts of personal items. Plaintiffs claimed the noise from the club was unbearable and prevented sleep. On numerous occasions sheriff's deputies were called to the club due to fights, accidents and other disturbances. In three years the sheriff's department responded to disturbances 236 times. Although the area was both residential and business in nature, it was quiet at night except on weekends when the Western Club was operating.
The trial court found in favor of plaintiffs stating that LSA-C.C. Art. 667 was applicable to the extent that the loud music was a nuisance. Although plaintiffs complained about property damage and trespassers, the court found that the Western Club had no control over its patrons once they left its premises and thus was not liable for their actions. The court assessed damages for the mental pain and anguish that plaintiffs had suffered due to the noise in the amount of $1,000 each. The court rejected all demands as to Ms. Bennett, finding that she had no liability in connection with this litigation.
Since only defendant-Western Club appealed, the issues concerning liability of the owner, Alice Bennett, and the responsibility of the club for the actions of its patrons are not addressed. As to the appeal of defendant, Western Club, we affirm the trial court's ruling.
In western society we recognize and protect the right of private ownership of property while subjecting its use and enjoyment to obligations imposed by convention, custom and law. Stone, Tort Doctrine in Louisiana: The Obligations of Neighborhood, 60 Tul.L.Rev. 701 (1966). Limitations arising out of the concept of neighborhood are imposed by the sole authority of the law. The Louisiana Civil Code Article 667 provides such an obligation against a proprietor in favor of a neighbor, and states:
Although a proprietor may do with his estate whatever he pleases, still he can not make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him. LSA-C.C. Art. 667.
Article 667 "... is a limitation the law imposes upon the rights of proprietors in the use of their property. It is a species of legal servitude in favor of neighboring property, an expression of the principle of sic utere." Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975).
Louisiana recognizes and Article 667 adopts the principle that a legal right can be exercised in such a manner as to constitute a legal abuse. An abusive use of a legal right may be enjoined or may give rise to damages. Hero Lands, supra at 98 (Barham, J., concurring).
LSA-C.C. Art. 2315 provides:
Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it....
"Fault" as used in Article 2315 is not limited to negligent acts and intentional misconduct. It does encompass the abuse of right theory which is something less than intentional misconduct. Defendant, Western Club, operated lawfully and in accordance with its government permit but damages nevertheless occurred to its neighbors. Since Article 667 imposes a legal servitude upon the proprietor in favor of its neighbor, a breach of that servitude *124 is subject to an action for damages under LSA-C.C. Art. 2315. Hero Lands, supra.
Article 667 should be considered either as an example of fault under LSA-C.C. Art. 2315 or as an example of strict liability under LSA-C.C. Art. 2317. See Hero Lands, supra; Stone, supra; Malone, Torts and Workmen's Compensation, 18 La.L.Rev. 63 (1957). The court could grant relief for the noise emanating from the Western Club if it was of sufficient intensity, annoyance and inconvenience to constitute a nuisance.
Since many lawful uses of property necessarily result in inconveniences to one's neighbor, the law has decreed that certain inconveniences must be tolerated. LSA-C.C. Art. 668 provides a defense to an action for a nuisance by imposing no liability if the activity caused only "some inconvenience." Whether or not a compensable claim exists is a question of fact. Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975); Robichaux v. Huppenbauer, 258 La. 139, 245 So.2d 385 (La.1971); Acadian Heritage Realty, Inc. v. City of Lafayette, 434 So.2d 182 (La.App. 3d Cir. 1983); Acadian Heritage Realty, Inc. v. City of Lafayette, 394 So.2d 855 (La.App. 3d Cir.1981).
The appropriate test to apply was enunciated in Thornburg v. McMillin, 392 So.2d 1119 (La.App. 3d Cir.1980). In Thornburg, supra, the court found that noise constituted a nuisance subject to an action for damages and injunction when the noise was excessive, unreasonable in degree, and of such character as to produce actual physical discomfort and annoyance to a person of ordinary sensibilities. In the instant case, testimony was given showing that the noise was excessive and unreasonable in a degree and of such a character so as to produce real damage. Therefore, there was a sufficient factual basis in the record to conclude that a nuisance in fact did exist. The trial court's findings of fact are not clearly wrong. It is well-established that a trial court's findings of fact are not to be disturbed on appellate review unless clearly wrong. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
On appeal, defendant argues that Stanley and Michael King failed to state a right of action under Article 667 because they neither owned nor leased the property upon which their mobile homes rested but rather stayed there due to the benevolence of their father. We find that Stanley and Michael King did have a right of action as they are "neighbors" within the generally prevailing meaning of the term. LSA-C.C. Art. 11. It is clear that Article 667 refers to a plaintiff whose interest has been invaded by defendant. Under the circumstances in this action both sons had an interest and suffered damages. Similar damages have been awarded against a mineral lease holder who was treated as a proprietor. Fontenot v. Magnolia Petroleum Company, 80 So.2d 845 (La.1955).
Finally, a factual finding of pain and suffering is entitled to much weight and will be reversed only on a showing of manifest error. Cockerham v. United States Fidelity & Guaranty Company, 559 So.2d 527 (La.App.2d Cir.1990); Finley v. Bass, 478 So.2d 608 (La.App. 2d Cir. 1985); Canter v. Koehring, supra. The assessment of monetary damages is discretionary with the trial court and its judgment cannot be reversed absent a showing of an abuse of discretion. LSA-C.C. Art. 1999; Cockerham v. United States Fidelity & Guaranty Company, supra; Finley v. Bass, supra; Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Plaintiffs, Stanley and Michael King, testified as to their inability to sleep and fear for their family's safety due to the operation of the Western Club. George King was out of town when this case was tried but his wife testified that they were unable to sleep or be at peace during these late hours. The testimony of other neighbors substantiated that of plaintiffs. The trial court's award of $1,000 to each plaintiff was nominal under these circumstances. Having no showing of manifest error or abuse of discretion the trial court's award of damages will not be disturbed on appeal.
*125 With reasons assigned, the trial court's award of damages is affirmed at defendant's costs. AFFIRMED.