Dear Mr. Mayor:
You have requested an opinion from this office regarding the authority of the Mayor and Board of Alderpersons of the Town of Livonia to enact an ordinance, or take any other legal action, to control or abate the noise created by certain dogs on the property of a town resident.
The municipal government is granted broad authority by the legislature to "perform any function necessary, requisite, or proper for the management of its affairs not denied by law". La. R.S. 33:361(A). Additionally, the municipality has been granted police powers to protect the health, safety and general welfare of the public, mainly through the use of zoning regulations that control the use of property. See, La. R.S. 33:4721, et seq. The information provided in the opinion request is not clear on what, if any, zoning regulation restricts the raising of dogs on residential property and/or whether those animals are raised for commercial purposes. If none exist, you may want to consider this authority in addressing the problem.
The 1974 Constitution of the State of Louisiana provides that "[E]very person has the right to acquire, own, control, use, enjoy, protect, and dispose of private property. This right is subject to reasonable statutory restrictions and the reasonable exercise of the police power." The scope and limitations of these rights of ownership are defined in La. C.C. art. 667—669. These articles are the cornerstones of the law of nuisance in this state. Civil Code article 667 states:
 Although a proprietor may do with his estate whatever he pleases, still he can not make any work on it, which may deprive his neighbor of the liberty to enjoying his own, or which may be the cause of damage to him.
Article 668 provides:
 Although one be not at liberty to make any work by which his neighbor's buildings may be damaged, yet every one has the liberty of doing on his own ground whatsoever he pleases, although it should occasion some inconvenience to his neighbor. Thus he who is not subject to any servitude originating from a particular agreement in that respect, may raise his house as high as he pleases, although by such elevation he should darken the lights of his neighbor's house, because this act occasions only an inconvenience, but not a real damage.
Article 667 prohibits use which causes damage to neighbors or deprives them of the enjoyment of their property whereas article 668 permits uses that only cause inconvenience to neighbors. Article 669 allows suppression of certain inconveniences if excessive under local ordinances or customs. At what point the line between inconvenience and excessive inconvenience (damage) is crossed so as to rise to the level of an actionable nuisance is a question of fact for the courts to decide. The municipal government cannot define what is and what is not a nuisance for purposes of recovery of damages, although local laws may bear on the issue. "In determining whether an activity or work occasions real damage or mere inconvenience, a court is required to determine the reasonableness of the conduct in light of the circumstances. This analysis requires consideration of factors such as the character of the neighborhood, the degree of intrusion and the effect of the activity on the health and safety of the neighbors." Barrett v. T.L. James Co., 671 So.2d 1186,1191 (La.App. 2 Cir. 1996).
Dogs are personal property of the citizens that own them and as such are protected by the constitution and laws regarding property and due process rights. La. R.S. 3:2773. Nothing in that act specifically addresses the problem of dogs barking. La. R.S.3:2731 deals with regulation of animals running at large and La. R.S. 3:2773 prohibits an owner for having his dog run at large on unenclosed land or trespass on lands of another. None of these acts expressly require enactment of regulations to control barking dogs.
If the activity of raising or keeping dogs on private property is not controlled by any ordinance, their barking may still constitute a nuisance. The question of whether a certain activity is a nuisance is one of fact. In Hobson v. Walker, 41 So.2d 789, at 792 (La.App. 2 Cir. 1949), a suit complaining of the noise emanating from a retail fish bait business next door to plaintiff's residence, the Court stated:
 It must be conceded that the creation of excessive, unreasonable and disturbing noises, particularly during the night hours, unquestionably constitutes a nuisance, to the abatement of which parties disturbed thereby are entitled. However, it must be borne in mind that noise is not necessarily a nuisance, and a determination of this point can be made only after thorough consideration of all the surrounding circumstances and facts developed in a particular case.
 It is impossible to lay down any hard and fast rule inasmuch as numerous factors and elements must be taken into consideration, among which may be briefly noted the character of the locality, the nature of the noises, and the effect thereof upon persons of ordinary sensibilities. The determination of these points rests upon purely factual issues with respect to which the plaintiff in an action of this kind must bear the burden of proof.
In the case of King v. Western Club, Inc., 587 So.2d 122
(La.App. 2 Cir. 1991), the plaintiffs, who lived adjacent to the Western Club which operated on the weekends for 10:30 p.m. to 4:30 a.m., recovered damages for mental pain and anguish due to the noise from the club. In deciding whether noise is so excessive as to go beyond mere inconvenience and become actionable nuisance the court relied on Thornburg v. McMillin,392 So.2d 1119 (La.App. 3 Cir. 1980). "[N]oise constituted a nuisance subject to an action for damages and injunction when the noise was excessive, unreasonable in degree, and of such character as to produce actual physical discomfort and annoyance to a person of ordinary sensibilities." King, at page 124.
In Talbot v. Stiles, 189 So. 469 (La.App. 2 Cir. 1939), suit was filed to stop plaintiff's neighbor, a veterinarian, from keeping dogs in kennels on his property which were causing a nuisance due to their "howling, barking, whining and yelping, particularly at night." The animals were brought to the veterinarian for treatment and observation. The defendant had made reasonable inquiry with the city officials of the Town of Ruston about the proposed activity before he began to kennel the dogs on his property. Plaintiff complained to the defendant about the noise on various occasions and even called on the police to assist in abating the noise, although they declined jurisdiction. The problem persisted for eighteen months before suit was filed. The Court, in holding for the plaintiff and finding the barking and whining of the dogs a nuisance, boiled the issue down to whether the dogs or the plaintiff should be forced to move. They held for the plaintiff. "Not only does the howling and barking of these dogs hard by materially disturb the rest and quietude of himself, his wife and apartment tenants at night, but from the very nature thereof, if it has not already done so, a continuance of it will materially affect the value of his home, reduce its desirableness as a residence and act as a deterrent to those who wish to lease apartments from him. In this way it is easy to see that the intrinsic value of his investment will be substantially affected." At page 471.
In summary, the condition may be controlled by an ordinance that limits the number of animals that can be kept in one place or within a certain distance of a neighbor, or both. It is interesting to note that the dogs mentioned in the opinion request are two miles from the owners own home but obviously much closer to others. If there are no ordinances addressing this problem, the burden falls on the neighbors to protect their own interests and property by seeking injunction against the continued nuisance. We would note that the number of animals may not necessarily be the critical issue. As stated in Hechelman v.Kindt, 30 Pa.Co.Ct.R. 277, cited by the Court in Talbot v.Stiles, supra, "[I]t has been held that a pack of dogs may create a nuisance, and it follows that a constituent part of a pack, to wit, one dog, if sufficiently persistent, may make as much noise as a dozen barking seriatim" Talbot, at page 471.
We hope this is responsive to your request, however should you have any additional questions or comments, please contact the undersigned at your convenience.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ ROBERT B. BARBOR Assistant Attorney General
RPI:RBB:glb