Plaintiff alleges that he is the owner of a home in the town of Covington in which he resides with his family; that the defendant is the owner of an adjacent lot on which have been placed storage tanks for the storage, sale and handling of liquified petroleum gas, commonly known as butane or hydrotane gas; that said gas is of a highly explosive, inflammable and dangerous character, being three times as explosive and dangerous as natural gas ordinarily used for household purposes in heating and cooking; that the keeping and storage of said gas is prohibited within the town limits of Covington by an ordinance of the town; that the defendant, his agents and employees, have stored, hauled and handled this explosive and dangerous substance in close proximity to his home in a careless and negligent manner in that said employees bring truck loads of said dangerous substance to the storage tanks at all hours of the day and night to be unloaded, and drive said trucks at a high rate of speed; that they handle the hose and pipe connections in a careless manner, discharging much of said gas on the ground and into the air, and in many other ways conduct the business in such a way as to disturb petitioner and his family. Plaintiff alleges that the storage and handling of this explosive and dangerous substance by the defendant in such close proximity to his home and in such a careless and negligent manner constitutes a continuing nuisance and has caused him and his family to suffer serious nervous shock and mental anguish and has caused his property to greatly depreciate in value. He prays for an injunction to abate the nuisance, and a judgment for damages in the sum of $2000.
[1] A citation issued to the defendant together with a rule for a preliminary injunction. The defendant filed an exception of no cause or right of action which was overruled. As this exception is not urged on the appeal, it must be considered as having been abandoned.
The defendant filed an answer to the rule for a preliminary injunction denying the allegations of the petition as to its business being a nuisance and setting up as a defense that it had been granted a permit by the town of Covington to operate a Butane Gas Bulk Plant at the location in question, and that the plant was established and installed under and by authority of said permit and authority of the Liquified Petroleum Gas Commission of the State, and that said plant is and has been operated in a lawful, safe and prudent manner.
The rule was set down for trial and after hearing evidence, the trial judge issued a preliminary injunction in March, 1946, enjoining the defendant from operating its butane bulk plant on the property adjacent to the property of the plaintiff, but provided that the injunction should not be effective until 90 days after a bond was filed by plaintiff. On June 13, 1946, the defendant filed a motion to dissolve or modify the preliminary injunction which *Page 92 
motion was denied, and on July 16, 1946, defendant filed another rule or motion in which it is alleged that the ordinance of the town of Covington had been amended so as to permit the operation of butane storage tanks in the town limits, a copy of the amended ordinance being annexed to the motion, and further setting out that the bulk butane station was being operated in accordance with the regulatory provisions of Act No. 99 of 1942, as amended by Act No. 292 of 1944.
On July 30, 1946, a supplemental order or judgment was entered on the joint motion of counsel for plaintiff and counsel for defendant modifying the preliminary injunction in view of the amendment of the town ordinance, and the defendant was permitted to continue the operation of the butane station, provided the operation was carried on in a proper manner and in such a way as not to annoy and disturb plaintiff and his family and in accordance with the regulations of the Liquified Petroleum Gas Commission and the Standards of the National Board of Fire Underwriters for liquified petroleum gas.
An answer was filed and the case was tried on the merits by the introduction of the record and evidence taken on the rule for a preliminary injunction and some additional evidence, mostly with reference to the damage claimed by plaintiff. The trial judge rendered a final judgment in April, 1947, denying a permanent injunction and awarding plaintiff damages in the sum of $500. The defendant appealed, and plaintiff answered the appeal, asking that the judgment be amended by granting the permanent injunction and by increasing the damages to the amount claimed.
The evidence indicates that butane gas is a dangerous and inflammable substance unless it is properly handled. The trial judge interpreted the ordinance of the town of Covington as prohibiting the storage of this gas in tanks within the limits of the town and it was largely because of this prohibition that the judge issued the preliminary injunction as he believed the operation of the business was prohibited by the ordinance. The judge also found that the gas station was not properly operated and its manner of operation constituted a nuisance. After the amendment of the town ordinance so as to permit the storage of this gas and the operation of the station, the preliminary injunction was amended so as to permit the continued operation of the station, so long as it was operated in a proper manner.
Therefore, the only question to decide in this case with reference to the issuance of an injunction is whether or not the defendant has operated his place of business in a proper manner since the ordinance was amended so as to permit the station to be operated at its present location. There is evidence in the record tending to show that in 1941 there was an explosion at this plant in which two persons were badly burned. There is also evidence in the record to show that during the year 1945 on several occasions employees were seen smoking around the plant, contrary to the rules of the company, as well as contrary to the regulations of the Gas Commission; that the tank trucks would unload at all hours of the night; that at times gas would escape from the valves and pipes and scatter the gas around the premises, causing plaintiff to fear a fire or an explosion from the escaping gas. There are two tanks sitting some two feet from the ground and within a few feet of plaintiff's property line.
[2, 3] The tanks and all equipment connected with the station were inspected by the Petroleum Gas Commission and approved by it. There are certain rules and regulations which the Commission requires an operator of this kind of gas plant to comply with, such as the location of the tanks, safety valves, piping and fittings, hose pipes, and rules as to the operation and care of the equipment in order to insure safety. All of the detailed regulations indicate that this type of business is dangerous unless properly operated. However, the business cannot be classed as a nuisance, per se, unless it is operated in such a way as to make it a nuisance. A lawful business cannot be abated as a nuisance unless the business is operated in such a way as to give rise to serious and material discomfort and inconvenience to *Page 93 
those living in close proximity thereto. Crump v. Carnahan,155 La. 648, 99 So. 493. In the case of Froelicher v. Southern Marine Works, 118 La. 1077, 43 So. 882, 886, the court in speaking of what constitutes a nuisance said:
"We deem it also proper to state here that only downright discomfort is actionable. Small inconveniences do not recommend themselves as cause sufficient to close down an industry. The nuisance must be such as is annoying to a person in a normal state of health."
[4] There were some practices permitted at this gas plant which were not consistent with safety in the operation of such a hazardous business as storing and handling this butane gas. Sufficient care was not taken against the hazards of fire resulting from leakage of gas, smoking around the premises, failure to keep the premises clean and the equipment properly repaired and in order. However, it appears that the conduct of the place was much improved after the issuance of the preliminary injunction and before the trial of the case on the merits, and we cannot say that the trial judge was in error in refusing to issue a permanent injunction. Moreover, if the defendant fails to comply with the rules pertaining to such business, plaintiff has his remedy to invoke again the injunctive process of the court.
[5] With reference to the claim for damages, we find that the plaintiff has suffered some damage by reason of the operation of this gas station in close proximity to plaintiff's home. In the case of Labasse v. Plat, 121 La. 601, 46 So. 665, (a case similar in many respects to the present case), the court stated that personal discomfort and annoyance resulting from a nuisance is the primary consideration in allowing damages, although there is no arithmetical rule for their estimation. There is in such cases an injury, the extent of which the jury or the court may measure. See also McGee et al. v. Yazoo M. V. R. Co., 206 La. 121, 19 So.2d 21; Devoke et al. v. Yazoo 
M. V. R. Co., 211 La. 729, 30 So.2d 816.
[6] Plaintiff and his family were subjected to considerable annoyance and nervous strain on account of the manner in which this gas plant was operated in close proximity to his home. Instead of the employees of the defendant making an effort to disturb plaintiff as little as possible in the operation of the plant, the record indicates that on a few occasions they seem to have disregarded his rights and conducted themselves in such a way as to unnecessarily harass and disturb him and his family. Most of this conduct took place in the year 1945, and just prior to the time the suit was filed in the latter part of that year.
Plaintiff and a real estate man testified that plaintiff's property has depreciated in value more than 'three thousand dollars on account of the operation of this gas plant so near the property; the real estate man testifying that he could not get a purchaser for the property on account of the gas tank, while other property, similar in kind, was bringing over six thousand dollars. The courts have often stated that those who reside in our towns and cities must undergo some inconveniences and loss on account of the location and operation of plants and factories which contribute to the welfare of the population in general. We do not think it would be just to inflict too great an amount of damages on the defendant, but we believe the amount allowed by the trial court is rather small. We have decided to exercise our discretion in the matter and fix the damage to plaintiff for all of his loss and inconvenience at $1000.
For the reasons assigned, it is ordered that the judgment appealed from be amended by increasing the amount of the award from five hundred dollars to the sum of one thousand dollars; and as thus amended, the judgment is affirmed at the costs of defendant in both courts. *Page 94