96 So.2d 557

Carl T. JEANSONNE et al.

v.

Ross E. COX et al.

No. 42997.

June 10, 1957.

Breazeale, Sachse & Wilson, Borron, Owen, Borron & Delahaye, Baton Rouge, for defendants-appellants.

Burton, Roberts & Ward, Baton Rouge, for plaintiffs-appellees.

PONDER, Justice.

In this suit the plaintiffs seek a mandatory injunction to compel the defendants to fill or close a drainage ditch or canal and, in the alternative, to recover damages occasioned to their property by virtue of the construction of the ditch or canal. After trial there was judgment denying the mandatory injunction but awarding damages to the various plaintiffs in amounts ranging from $250 to $1,000. From this judgment, the defendants have appealed and the plaintiffs answered the appeal asking for the mandatory injunction originally prayed for, and, in the alternative, for an increase in the amounts ranging from $2,500 to $4,500.

Plaintiffs are the owners of lots in a subdivision of the City of Baton Rouge known as St. Gerard Place No. 2 and the defendants are the owners of property in a subdivision known as Schorten Place, which subdivision lies immediately south of and abuts St. Gerard Place No. 2. The defendants decided to pave two streets in Schorten Place and in connection therewith the city required the owners to provide drainage facilities. Plans and specifications for the construction of a drainage canal were prepared by the defendants' engineer and approved by the city. Pursuant to these plans and specifications, the defendants dug a canal along the north side of Schorten Place and up to the south line of St. Gerard Place No. 2. The canal in question is located in Schorten Place on the property of defendants but within 7/10ths of one foot from St. Gerard Place No. 2 and is approximately 23 feet wide at some points and approximately 12 feet in depth at some points. This canal took in a strip of land of varying widths lying between the two subdivisions and designated as an alley on one of the maps offered in evidence, the remaining portion of the canal taking land forming a part of Schorten Place and belonging to the defendants. Plaintiffs seek judgment ordering the defendants to cover the canal and to restore the alleged alley to its original condition; in the alternative, they seek to recover damages alleged to have been sustained by them as a result of the unsightliness of the canal, deprivation of use and enjoyment of their property, and depreciation as a result of the canal.

It is the contention of the plaintiffs that the canal encompasses a place dedicated as an alley in addition to the property owned by the defendants. They concede that the City has authority to revoke the dedication but contend that it has not done so. At the instance of the plaintiffs, the City was made a party to the suit. The City filed an exception of no cause or right of action which was maintained by

the district court and the City was dismissed from the proceedings.

Although the plaintiffs contend that the defendants had no right to place the canal in a so-called dedicated alley, yet they contend that the City is not a party in interest in the suit, while the defendants allege that this Court cannot consider the question of whether or not they should be compelled to fill the canal without the City being made a necessary party to the suit.

It is admitted in the agreed stipulation of facts that the canal was dug by the defendants under a permit from the Director of the Department of Public Works of the City-Parish Government of the City of Baton Rouge and Parish of East Baton Rouge to permit drainage as a condition for the paving of the streets (Beech St. and Lorraine St.) in the subdivision owned at that time by the defendants. The City has agreed to maintain this canal and it is now public property.

It is the allegation of the plaintiffs that the canal or drainage ditch has damaged their use and enjoyment of their property and that its value has been lessened. They allege that it is unsightly and that it is unprotected by fence and is a source of danger; that it is constructed in an unreasonable manner in that it is unnecessarily wide and deep and is designed to carry water contrary to the natural flow or drain.

Defendants contend that this canal or ditch is not a nuisance per se, nor is there any physical invasion of, or physical damage to, the property of the neighbor and hence recovery for damages cannot be allowed, relying upon the provisions of Article 668 of the LSA–Civil Code which reads as follows: "Although one be not at liberty to make any work by which his neighbor's buildings may be damaged, yet everyone has the liberty of doing on his own ground whatsoever he pleases, although it should occasion some inconvenience to his neighbor."

In support of their claim for damages, plaintiffs-appellees rely upon Article 667 of the LSA–Civil Code which provides that "Although a proprietor may do with his estate whatever he pleases, still he can not make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him." They cite the cases of Fontenot v. Magnolia Petroleum Company, 227 La. 866, 80 So.2d 845; Beauvais v. D. C. Transport, La.App., 49 So.2d 44; Galouye v. A. R. Blossman, Inc., La.App., 32 So.2d 90; Roche v. St. Roumain, La.App., 51 So.2d 666; Higgins Oil & Fuel Co. v. Guaranty Oil Co., 145 La. 233, 82 So. 206, 5 A.L.R. 411; De Voke v. Yazoo & M. V. R. Co., 211 La. 729, 30 So.2d 816.

An examination of the cases cited by the plaintiffs reveals that they are in-

applicable to the present situation. All of these cases deal with nuisances or physical invasion of property. In allowing damages, the lower court cited and relied upon the case of Fontenot v. Magnolia Petroleum Company, supra, but that case involved a direct physical invasion that did physical damage to the residences of plaintiffs therein, as a result of shock waves from an explosion. In the present case there is no claim of physical damage or physical invasion of the property of the plaintiffs nor is there any allegation that the canal is a nuisance.

Plaintiffs contend that the canal was excavated in an unreasonable manner, and, even if the canal complained of was excavated in a reasonable manner and without negligence or fault, defendants are nevertheless liable to plaintiffs for any damages they have sustained.

The testimony in the record conclusively shows that the canal was excavated in a reasonable manner without fault or negligence. The evidence shows that no odors or anything of like character have been caused by this canal, no water is carried onto plaintiffs' properties as a result thereof, in fact in no way has this canal interfered with the full use and enjoyment of the plaintiffs' property. Furthermore, maps introduced in evidence show that the subdivision in which the plaintiffs live is traversed by the Wildwood Canal which is 12 feet deep and 30 feet wide and

that immediately north of the subdivision lies the Hollywood Canal, thus showing that the property is already embraced by much larger drainage structures than the one here complained of. Moreover, the record shows that the properties of plaintiffs are encumbered with a servitude for drainage and other purposes, which servitude lies adjacent to the canal complained of and that the construction of this canal eliminates the use of the public authorities of five feet of the lot of each of these plaintiffs-appellees for drainage.

It is to be noted that in brief filed in this Court, the plaintiffs for the first time claim that they have been affected by erosion. No claim was made in the original petition and suffice it to say if any erosion occurred it could only affect the five foot servitude for drainage which the City owned, insofar as the plaintiffs are concerned.

There being no physical damage, the only testimony relied upon by the plaintiffs is that of real estate men that the presence of this canal greatly depreciated the value of the property. In this respect the evidence is contradictory, some witnesses testifying that the canal did in fact depreciate the property while other witnesses testified that its presence did not depreciate the value of the property.

After considering all of the facts in this case, we have come to the conclusion that

the plaintiffs have failed to establish that they have suffered any recoverable damage under the laws of this State.

For the reasons assigned, that part of the judgment of the lower court denying the mandatory injunction is affirmed, in all other respects the judgment is reversed and set aside and the plaintiffs' suit is dismissed at plaintiffs-appellees' cost.