333 So.2d 724 (1976)
James E. LaCROIX et al., Plaintiffs-Appellees,
v.
TRAVELERS INDEMNITY COMPANY et al., Defendants-Appellants.
No. 12906.
Court of Appeal of Louisiana, Second Circuit.
May 24, 1976.
Rehearing Denied July 7, 1976.
*725 Watson, Murchison, Crews & Arthur by R. Raymond Arthur, Natchitoches, for defendants-appellants.
Gerard F. Thomas, Jr., Natchitoches, for plaintiffs-appellees.
Before BOLIN, PRICE and MARVIN, JJ.
En Banc. Rehearing Denied July 7, 1976.
BOLIN, Judge.
The Town of Winnfield and Travelers Insurance Company appeal from a judgment rendered against them for damages allegedly sustained by plaintiff's as a result of the backup of sewage into their home on March 16, 1973. LaCroix has filed a motion *726 to dismiss the appeal and, alternatively, has answered the appeal asking an increase in the award. We affirm the judgment as to liability and amend the judgment to eliminate the award for damages for diminution of the value of the property.
Prior to our discussion of the issues on appeal we address the question raised by the motion to dismiss. The basis for the motion was that Judge Hiram J. Wright, who would ordinarily have heard this trial, was expected to be called as a witness and he therefore recused himself. After the trial judge had granted the appeal, the clerk of court filed a motion for extension of time within which to prepare and file the record on appeal. This extension of time was granted and signed by Judge Wright, the recused judge. Plaintiffs contend that under the law, as enunciated in State v. Price, 274 So.2d 194 (La. 1973), any action taken by the judge who has been recused in the case is an absolute nullity. It is further contended the extension, being a nullity, was ineffective; that the time for filing the record had lapsed and the appeal is not before this court; that the defect has become a jurisdictional matter under Louisiana Code of Civil Procedure Article 2162 and this court has no jurisdiction over the appeal.
In opposition to the motion to dismiss defendants point to the following provisions of Louisiana Code of Civil Procedure:
Art. 2127.
The clerk of the trial court shall have the duty of preparing the record on appeal. He shall cause it to be lodged with the appellate court on or before the return day or any extension thereof, upon the timely payment to him by the appellant of all fees due in connection with the appeal, including the filing fee required by the appellate court to lodge the appeal. Failure of the clerk to prepare and lodge the record on appeal either timely or correctly shall not prejudice the appeal. (Emphasis supplied)
Art. 2161.
An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record. An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.
We find State v. Price, supra, inapplicable to the instant case since it is not shown appellants were instrumental in procuring the extension from the recused judge nor was it shown appellants caused any delay in the preparation and timely filing of the record.
Under the clear language of C.C.P. Articles 2127 and 2161, appellants are not to be prejudiced by failure of the clerk to obtain a lawful extension of time. See Wischer v. Madison Realty Co., 242 La. 334, 136 So.2d 62, 66 (1961); Desselle v. Petrossi, 203 So.2d 567 (La.App. 4th Cir. 1967). We deny the motion to dismiss.
The record establishes that at about 2:30 a.m., on the night of the occurrence giving rise to this litigation, Mrs. LaCroix notified the mayor that the sewage was backing up through the drains in their shower, bathtubs and toilets and flowing into the bedrooms and other parts of the house. An employee of the two was dispatched to the area and this employee determined the pump at the "lift station" was "off". When this pump was activated the flow of sewage began to recede. Plaintiffs spent the remainder *727 of the night and the next day mopping up the effluence and attempting to rid their home of the stench.
Plaintiffs testified it was necessary to tear up the carpets in some of the rooms and to move the furniture into other rooms which had not been flooded in order to sleep and eat. Both plaintiffs testified the odor was horrible and that the children, who aided in the cleanup, wanted their parents to move to Natchitoches.
The trial judge stated his findings of fact and his reasons for judgment in a written opinion. He found the system to carry off sewage was installed by the town in 1968 [actually 1958] and residents in plaintiffs' neighborhood were required to connect their plumbing to the municipally owned system, for which they paid a monthly service charge. Prior to this litigation plaintiffs' home had been damaged by a similar incident while occupied by the previous owner. Judge Wright, whose home was located across the street from plaintiffs, had earlier experienced the same problem with sewage damage. The trial judge further found the difficulty in the instant case was due to the failure of the pump at the lift station which caused an accumulation of waste to build up and back into the drains of plaintiffs' home, and that at the time of the flooding the town's system was unimpaired by any action of plaintiffs.
The court concluded the municipality was negligent in the discharge of its obligation to operate this portion of its sewerage system in a prudent manner; that a simple inspection would have revealed the inoperative condition of the switch; and that the whole incident would have been avoided by the act of manually turning on the pump. He concluded liability had been created under Louisiana Civil Code Articles 667 and 2317, and rendered judgment in solido against defendants and in favor of James LaCroix for $5,622.50, representing $750 for mental anguish, inconvenience and disruption of home life; $862.50 for actual damage to the interior of the house; and $4,000 for diminution in the value of the property. Additionally, the court awarded $750 each to Mrs. LaCroix and the four children of plaintiffs for mental anguish, inconvenience and disruption of family life; fixed the fees of the appraiser at $316.50; taxed this amount as costs and assessed all costs against defendants in solido.
Appellants assign as error the trial court's finding (1) that the Town of Winnfield was negligent in its operation of the sewer system; (2) in failing to find plaintiff LaCroix contributorily negligent for his actions in interfering with the overflow line; (3) in failing to properly interpret and apply to this case the holdings in Sharon v. Connecticut Fire Insurance Co., 270 So.2d 900 (La.App. 1st Cir. 1972), writ denied, and Carr v. City of Baton Rouge, 314 So.2d 527 (La.App. 1st Cir. 1975), writs denied; (4) in allowing $4,000 diminution of value for the home when such was not supported by the evidence; (5) in awarding recovery for personal damages; (6) in awarding personal damages to the children; and (7) in awarding replacement cost rather than actual cash value for the specific damages alleged.
We shall examine the alleged errors in the order stated. The lower court expressed the view the municipality was negligent in discharge of its obligation to operate the pump in the lift stations of its sewerage system in a prudent manner so as to avoid the flooding which occurred. Although we find these facts do not support a finding of negligence, we do find the trial judge properly found the plaintiffs suffered damages which were caused by the sewer backing up. Further, the evidence clearly warrants imposition of liability on the basis of violation of La.C.C. Art. 667 as interpreted in Sharon v. Connecticut Fire Insurance Company and Carr v. City of Baton Rouge, supra.
Applications for writs were denied in each of the above cited cases, both of *728 which involved damages resulting from the backing up of sewage from municipally owned sewer systems. In each case the court resolved the issue of liability on the basis of the duty imposed by C.C. Art. 667, which provides:
Although a proprietor may do with his estate whatever he pleases, still he can not make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him.
In Carr v. City of Baton Rouge, supra, [decided after the lower court judgment in the case before us], the court found: the responsibility for the operation and maintenance of the sewer system devolved upon the municipality which was the "proprietor"; the "works" (the main sewer line) was an activity of the proprietor; plaintiffs were "neighbors" who suffered damage caused by the malfunctioning of the "proprietor's" sewer system; and plaintiffs were entitled to recover for damage inflicted. Under the facts, the court concluded that even in the absence of negligence on the part of the town, plaintiffs were entitled to recover under Article 667. See Lombard v. Sewerage and Water Board of New Orleans, 284 So.2d 905 (La.1973).
We find the foregoing language appropriately describes the district court decision as to liability in the instant case, which is amply supported by the record. The record likewise supports the finding that no action on the part of plaintiffs interfered with the flow line or caused the sewage to back up.
The most perplexing problem confronting us is whether the diminution in the property value, for which the lower court awarded $4,000, is a recoverable element of damages. We have been cited to no cases nor has independent research revealed any allowing recovery for this item under C.C. Art. 667 where, as here, the malfunctioning "works" have allegedly resulted in diminution in value in addition to physical damage to property. We have examined the divergent views expressed in the current jurisprudence and find the questions surrounding the application of C.C. Art. 667 are central to the controversy which is yet to be settled. See Yiannopoulos, Violations of the Obligations of Vicinage: Remedies Under Articles 667 and 669, 34 La.L.Rev. 475, 512; The Work of the Louisiana Appellate Courts for the 1974-1975 TermTorts, 34 La.L.Rev. 335, 404 (1976).
The most recent pronouncement of the Louisiana Supreme Court is found in Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975). The lower court and the court of appeal had upheld an exception of no cause of action which in effect held that plaintiff was not entitled to recover for depreciation of land value resulting from lawful activity conducted by defendant pipeline company in constructing a pipeline on adjoining land within 15 feet of plaintiff's property. [296 So.2d 345 (La.App. 4th Cir. 1975)]. The Supreme Court reversed and overruled the exception. On rehearing the court rendered the following per curiam:
The application for rehearing argues that Jeansonne v. Cox, 233 La. 251, 96 So.2d 557 (1957) is contrary to our holding in this case. Apparently, defendants misunderstand the consequences of our opinion. We have not held that allegations of damage based upon a depreciation of land value because of ordinary constructions and activities on a neighbor's property necessarily state a cause of action. The opinion has held that allegations that the maintenance of an ultra-hazardous construction on defendant's servitude has caused them damage does under the factual allegation state a cause of action. We have remanded for trial on the merits to determine if the proof in support of these allegations entitles plaintiff to recovery of damages for the fault of defendant under the theory of abuse of right as expressed by La.Civil Code arts. 667 and 668.
*729 The evidence is persuasive that if the house were placed on the market and all the facts were disclosed to a prospective buyer the sale price of the house would be less than what it would bring without the potential threat of future damage from the sewer system. However, we find the sewer system was not an "ultra hazardous construction" as that term is used in the Hero Lands case. In view of our appreciation of the jurisprudence with respect to an award for diminution of property value under La.C.C. Art. 667, we find such an award is without sound legal basis and that portion of the judgment is reversed.
The trial judge found plaintiffs were entitled to personal damages caused by the disruption of the normal living pattern of the family, inconvenience and annoyance and awarded $750 for each member of the family. Mr. and Mrs. LaCroix both testified all the children assisted them in cleaning up the offensive effluence; that the entire family had to move into two rooms of the house to sleep and eat because of the obnoxious odor which lingered in the house for weeks. We find no error in this award and it is affirmed.
Defendants contend the award of $862.50, representing the cost of removing and replacing carpets in the bedrooms and vinyl tile in the kitchen, was improper and that any such award should be based on cost of replacement less depreciation. We find it was necessary to replace the carpets since the floors in the bedrooms were concrete and required carpeting to be usable, and that the damage to the floor in the kitchen made it necessary to replace that covering in order to restore that portion of the house to a livable condition. Plaintiffs are entitled to restoration of the damaged property to as near its former condition as possible without being required to use second-hand or inferior materials. See Hayward v. Carraway, 180 So.2d 758 (La.App. 1st Cir. 1965) and cases cited. The award of $862.50 for cost of restoration is affirmed.
For the reasons assigned the judgment below is amended to delete the award of $4,000 for the diminution of the value of the property. In all other respects the judgment is affirmed. Costs of this appeal are assessed equally against appellants and appellees.