GUIDRY, Judge.
Plaintiff filed this suit seeking to recover a $1200.00 bonus payment paid by a mineral leasee, Texas Pacific Oil Company, Inc., (hereinafter referred to as Texas Pacific) to the defendant-mineral lessor. The defendant, Roy Martin Lumber Co., Inc. is the owner of the tract of land which was leased to Texas Pacific. Plaintiff avers that the $1200.00 is due him because he is the owner of the minerals underlying the tract of land leased and owned by the defendant. An exception of no cause of action was filed by the defendant. The trial court sustained the exception and dismissed plaintiff’s action with prejudice. Plaintiff appeals from that judgment.
The plaintiff urges that the trial court erred in finding that his petition failed to state a cause of action.
The function of the peremptory exception of no cause of action is to test the legal sufficiency of the plaintiff’s petition and exhibits attached thereto and it is tria-ble on the face of the papers. The correctness of the well-pleaded allegations of fact is conceded, the issue is whether the face of the papers present a case which legally entitles the mover to the relief prayed for. Innovative Data Systems of Louisiana v. Ellender, 316 So.2d 12 (La.App. 1st Cir. 1975); Hero Lands Company v. Texaco, Inc., La.App., 296 So.2d 345; 310 So.2d 93 (La.Sup.Ct.1975).
The plaintiff’s petition with exhibits attached sets forth the following allegations of fact which we accept as true:
1. By act dated July 18, 1966 plaintiff and defendant entered into an act of exchange whereby defendant acquired the tract of land leased by it to Texas Pacific.
2. The mineral rights in and under the tract of land transferred by plaintiff to *671 defendant were reserved by plaintiff in the act of exchange.
8. On January 19, 1976 defendant executed a mineral lease to Texas Pacific covering the tract of land received by it in the exchange of July 18, 1966, which lease was recorded in the Conveyance records of Rap-ides Parish.
4. In consideration for the execution of said lease defendant was paid a bonus consideration of $1200.00.
5. Defendant did not own the minerals at the time it entered into the lease with Texas Pacific.
Plaintiff also alleges that the defendant had represented itself to Texas Pacific as owner of the minerals underlying the tract leased. However, an examination of the mineral lease which is attached to plaintiff’s petition shows that the plaintiff did not warrant title to the oil, gas and mineral rights leased to Texas Pacific, and nowhere in the lease did the defendant hold himself out as the present owner of the mineral rights in the subject tract. Obviously the plaintiff’s allegation regarding defendant’s representations to Texas Pacific is unfounded in light of the contradictory lease provisions.
Accepting as true the plaintiff’s assertions as outlined above we are unable to conceive of any legal theory which would allow recovery to plaintiff of the amount paid by Texas Pacific to the defendant. Nor does the plaintiff set forth either in his petition or in his brief to this Court the theory of law under which recovery may be granted to him. Plaintiff’s petition does not state a cause of action in contract, quasi-contract, or ex delicto.
To the contrary the allegations of the plaintiff’s petition clearly reflect the execution of a contract between defendant and Texas Pacific which is specifically sanctioned by our law.
The lease in question provides in part: “. . . this lease, without further evidence thereof, shall immediately attach to and affect any and all rights, titles, and interests in the above described land, including revisionary mineral rights, hereafter acquired by or inuring to Lessor and Lessor’s successors and assigns.”
Although plaintiff owned a mineral servitude over the subject tract, under the provisions of LSA — R.S. 31:27 (absent any interruption) his servitude was to expire on July 18,1976 at which time all of the mineral rights would revert to the defendant, who was the owner of the property. LSA-R.S. 31:144 recognizes that a lessor and a leasee may validly execute a lease covering outstanding mineral rights which may terminate and become reunited with the landowners title during the term of the lease. This is what was done in the instant matter.
Finally, plaintiff alleges that he has attempted to lease his mineral interest in the above referenced tract, but has found no buyers due to the fact that the minerals were leased by defendant to Texas Pacific. While the allegations of well-pleaded facts must be admitted as true the court must draw therefrom all proper legal inferences in determining the merits of the defendant’s exception of no cause of action. When the conclusions drawn from the circumstances alleged do not present justicia-ble cause the petition is amenable to an exception of no cause of action. Little v. Caterpillar Tractor Company, 169 So.2d 654 (La.App. 1st Cir. 1964). Admitting as true the fact that the plaintiff has attempted to lease his mineral rights in the subject tract but has been unable to do so, and admitting as true the fact that defendant leased its revisionary mineral interest in the subject tract to Texas, Pacific, we do not necessarily accept plaintiff’s conclusion that his failure to lease the tract was due to the fact that the minerals had been leased by defendant. This is a legal conclusion, not to be admitted as true. Furthermore, considering all the circumstances alleged, the plaintiff’s mineral rights were probably unmarketable in January of 1976, not because of defendant’s lease agreement with Texas Pacific, but because plaintiff’s mineral interest was due to expire absent interruption of prescription some six months later.
*672 We conclude that the defendant was legally entitled to lease its revisionary mineral interest under LSA-R.S. 31:144, and accordingly plaintiff’s petition seeking to recover the bonus payment made to the defendant in connection with the lease does not state a cause of action.
For the foregoing reasons the judgment appealed from is affirmed. All costs of these proceedings to be borne by the plaintiff-appellant.
AFFIRMED.