RONALD D. COX, Judge Pro Tern.
Plaintiffs, Mr. and Mrs. Robert Miller and Dr. and Mrs. Liang Oey, (hereinafter referred to as plaintiffs), seek damages for breach of contract and warranty of fitness of two lots purchased from defendant, Frank Ebarb, Inc., (hereinafter referred to as defendant). The sole shareholder and president of the corporation is Mr. Frank Ebarb. Plaintiffs alleged sewage has backed up into their respective homes and lawns on several occasions. The trial judge found in favor of the plaintiffs and against defendant, awarding the Millers damages of $2,895; and the Oeys damages of $2,930. The plaintiffs’ claim for attorney’s fees was denied. Defendant appealed seeking reversal of the judgment. We affirm.
FACTS
Defendant bought a tract of land located just outside the city limits of Many, Louisiana to develop into a residential area. Defendant divided the tract into five lots with a right-of-way down the middle giving access to the lots. Defendant retained ownership of the fifty (50') foot right-of-way. Along this right-of-way defendant laid a sewer line. This intermediary sewer line joined the feeder lines from the houses in the development to the main city sewage line.
On April 22, 1981, Dr. and Mrs. Oey purchased a home located on Lot “C” from defendant. Dr. and Mrs. Oey allege that within the first few months of the purchase, the sewer system began malfunctioning. Sewage overflowed on three occasions in the house. They made demand on defendant to remedy the problem.
On October 17,1983, Mr. and Mrs. Miller purchased Lot “D” across the street from the Oeys, upon which they constructed their home. They also had sewage backup into the house on three different occasions. Both the Millers and the Oeys have experienced sewage overflowing into their yards. The parties were unable to resolve the repair problems, so this suit followed. The trial court judgment for the plaintiffs consisted of:
Repair of sewerage line for Millers $ 750.00
Millers’ general damages $ 2,000.00
Millers’ plumbing expense $ 145.00
TOTAL OF MILLERS’
DAMAGES $ 2,895.00
*1278 Repair of sewerage line for Oeys $ 750.00
Oeys’ general damages $ 2,000.00
Oeys’ loss of ornamental plants $ 180.00
TOTAL OF OEYS’ DAMAGES $ 2,930.00
The issue on appeal is whether the trial judge erred in making the respective awards for the sewage damage. We affirm the trial court judgment, but on different grounds.
SEWAGE PROBLEMS
In May of 1981, Dr. and Mrs. Oey moved into their home located on Lot “C.” A couple of weeks later the commodes overflowed when flushed. Defendant arranged for a plumber to repair the problem, but it reoccurred two more times. Once the Millers moved in across the street in March of 1984, sewage began bubbling up and accumulating in the Oeys’ front yard. Mr. Jerry Bazer, an appraiser, testified that the accumulated water and sewage damaged eighteen ornamental plants in the Oeys’ yard.
The Millers also had sewage backup when flushing the toilet, using the washing machine or dishwasher. On the first occasion (June 1984) the Millers contacted Mr. Robert Byles, a plumber. Mr. Byles determined that the line was clean from the Millers’ house to the connection with defendant’s intermediary line. He then cleaned out the Oeys' line, eliminating the problem for a short while. On the second occasion (September 1984), Mrs. Miller was washing clothes when the water overflowed in the utility room and into the garage. Finally, while entertaining friends in March of 1985, the toilet overflowed after being flushed. Mr. Byles was unable to clear the line leading from the house to the intermediary line on that occasion. He traced the problem to a piece of collapsed pipe in the defendant’s intermediary line which he replaced. Even so, raw sewage continued to pour from the clean-out valve into the yard, which the Millers kept open to prevent further overflows in the house. This has created sanitation and odor problems in the yard.
In oral reasons for judgment the trial court found that defendant had laid the intermediary sewage connection to the city system as part of an inducement to sell the lots; that the lots were sold to plaintiffs, who made substantial investments in their homes; that the sewer line in question did not form part of the improvements on or under the lots and, as such, redhibition did not apply; that defendant was negligent in laying a sewer line too thin for its intended purpose; and that the theory of strict liability under LSA-C.C. art. 667 applies to defendant’s work causing damage to his neighbors’ property.
We find the record clearly supports some of the trial court’s factual findings. We also agree with the trial court’s conclusion that redhibition does not apply to the facts of this case. However, we do not find in reviewing jurisprudence dealing with sewage problems that the theory of strict liability applies to this case. In general, courts have found that municipalities and sewage districts are strictly liable for damages sustained by homeowners within the system as a result of sewage overflow. See Romero v. Town of Welsh, 370 So.2d 1286 (La.App. 3rd Cir.1979); Falgout v. St. Charles Sewerage Dist. No. 3, 351 So.2d 206 (La.App. 4th Cir.1977), writ denied, 353 So.2d 1047 (La.1978); LaCroix v. Travelers Indemnity Company, 333 So.2d 724 (La. App. 2nd Cir.1976), writ denied, 338 So.2d 112 (La.1976); and Carr v. City of Baton Rouge, 314 So.2d 527 (La.App. 1st Cir. 1975), writ denied, 318 So.2d 53 (La.1975). Such is not the case here. Defendant is not in the business of supplying sewerage services to others.
Defendant contracted with plaintiffs to sell real estate with access to city sewerage and water. We find defendant breached this contract and this warranty. Although the acts of sale do not specifically so provide, defendant, through its President, Mr. Ebarb, orally assured the plaintiffs at the time of purchase of the property that the lots had access to city sewerage. Mr. Ebarb testified he indicated to the plaintiffs that the lots could be connected to city sewerage and water. Mr. Ebarb *1279 felt the responsibility of maintaining the sewer line belonged to the plaintiffs. Defendant was obligated to provide access to city sewerage, which it failed to do. For this reason, we find that defendant has breached its contract with plaintiffs and is obligated for the damages arising from this breach.
DAMAGES
The trial court has reasonable discretion to assess damages based upon the facts and circumstances of the case. Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971). In the instant case, we find no abuse of discretion. Plaintiffs’ expert witness, Mr. Byles, testified that the cost of replacing the intermediary pipe would range between $2,000 and $5,000. The trial judge concluded that the actual cost for pipe, renting a backhoe, and labor would be about $1,500. We feel the evidence supports the $1,500 award. The trial judge also found the Millers and Oeys were each entitled to general damages of $2,000 for nuisance and inconvenience. Dr. and Mrs. Oey testified they were unable to garden or work in the yard due to the odor. Mr. and Mrs. Miller testified they had to mop up after the commodes overflowed, were unable to use the washing machine and dishwasher, and a child visiting them had fallen into the sewage in the yard. We find no error in the general. damages award.
For the foregoing reasons, the judgment appealed from is affirmed. All costs of this appeal are assessed to defendant-appellant, Frank Ebarb, Inc.
AFFIRMED.