YELVERTON, Judge.
Clarence and Rosa Mae Stewart, husband and wife, sued the City of Pineville for damages allegedly resulting from the City’s construction of a water pumping facility on a lot adjacent to their home. The City of Pineville reconvened claiming that the plaintiffs’ driveway encroached upon City property.
After a trial, the trial court found in favor of plaintiffs with respect to their claim that the noise made during construction of the facility was a nuisance, and for this awarded them $1,000 in damages. The trial court disallowed their claims that their property had been depreciated in value, that their car had been damaged from sandblasting, and that a natural servitude of drainage had been rendered more burdensome. The trial court also found that while the plaintiffs’ driveway did encroach upon the City of Pineville’s property, to order it removed would be a harsh and excessive remedy because the City has sustained no damage by the minor encroachment, and rejected the City’s reconventional demand.
Only the plaintiffs appealed. The thrust of the appeal is that the award was so low as to be an abuse of discretion, and the appellants ask for an increase.
We have carefully examined the record and the trial court’s well-written reasons for judgment. We find no manifest error in any of the trial court’s factual findings. The $1,000 award is not so low as to constitute an abuse of discretion. One aspect of the decision needs elaboration, however, and that is the rejection of plaintiffs’ claim for damages for depreciation of their property.
The trial judge explained his disposition of the depreciation claim as follows:
"The plaintiffs purchased their home in December 1979. Subsequently the wooded area to the east of their residence, which was not subject to any zoning or building restrictions, was purchased by the defendant for the purpose of constructing a water tank and pumping station. Construction began in 1982 and the project was completed in approximately six months.
“The deposition and appraisal of Mike Haynes established that the plaintiffs’ property had a present fair market value of $36,000.00. In his opinion the property would be worth $50,500.00 if the pumping station was not adjacent to the plaintiffs’ residence. The plaintiffs seek to recover for this diminution in the value of their property.
*28 “In Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975) the Court stated:
‘Recently in Hillard v. Shuff, 260 La. 384, 256 So.2d 127 (1972), this Court restated, as a universally accepted rule of law, the right of the owner of property to conduct thereon any lawful business not per se a nuisance, as long as the business is so conducted that it will not unreasonably inconvenience a neighbor in the reasonable enjoyment of his property.’
“The Court further stated:
‘While the owners of property are not required to suffer damage as a result of works undertaken on their neighbor’s property, the law has decreed that certain inconveniences must be tolerated. Society requires this of its citizens because many lawful uses of property necessarily result in inconveniences to one’s neighbors. La.Civil Code art. 668.’
“The City of Pineville’s property is not subject to any building or zoning restrictions and, therefore, the City of Pineville has the right to use this property in a lawful manner.
“We find that the City of Pineville’s pumping station is a lawful business, ‘not per se a nuisance’, and is not an ‘unreasonable inconvenience’ as a matter of law. Therefore, the plaintiffs can not recover under Louisiana Civil Code Article 667 for the diminution of the value of their property.”
Relevant to this case are the following three articles of the Louisiana Civil Code:
“Art. 667. Limitations on use of property
“Although a proprietor may do with his estate whatever he pleases, still he can not make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him.”
“Art. 668. Inconvenience to neighbor
“Although one be not at liberty to make any work by which his neighbor’s buildings may be damaged, yet every one has the liberty of doing on his own ground whatsoever he pleases, although it should occasion some inconvenience to his neighbor.
“Thus he who is not subject to any servitude originating from a particular agreement in that respect, may raise his house as high as he pleases, although by such elevation he should darken the lights of his neighbors’s [neighbor’s] house, because this act occasions only an inconvenience, but not a real damage.”
“Art. 669. Regulation of inconvenience
“If the works or materials for any manufactory or other operation, cause an inconvenience to those in the same or in the neighboring houses, by diffusing smoke or nauseous smell, and there be no servitude established by which they are regulated, their sufference must be determined by the rules of the police, or the customs of the place.”
Appellant’s expert, a real estate appraiser, testified that their property was worth $50,500 before the erection of the pumping station, and that afterwards its value was $36,000. The expert attributed that depreciation of $14,500 to two causes, the presence of the pumping station and the drainage problem that it created. He was asked, but he was unable to answer, what percentage of the depreciation was attributable to each cause. At the time of his testimony, the appraiser was unaware that the drainage problem had been alleviated. The trial court found, and the record completely supports his finding, that whatever drainage problem existed was temporary and had been totally remedied by the time construction was finished.
There are no zoning laws or other restrictions applicable to the suburban area where this property is located. There was evidence that close to the property there was a bar, a junk yard, a convenience store, a barber shop, and many homes of lesser value. These establishments were in a proximity such that, by any reasonable test, they would affect plaintiffs’ property value. The expert land appraiser explained that, if instead of a water pumping station next door there had been placed a $15,000 residence, or a mobile home, this would *29 have likewise depreciated plaintiffs’ property. He declared that, by the same token, the erection of a neighboring house worth $115,000 would have increased the value of plaintiffs’ property. He said that within this suburban, unzoned area there were homes valued in a range from $15,000 to $115,000.
The essential question on appeal is whether the City of Pineville has done something in the establishment of its pumping station next to plaintiffs’ home, to make it legally liable to plaintiffs for some consequent diminishment in the resale value of their home. Since there were no allegations or proof that the City of Pine-ville was negligent in the construction or maintenance of the work, its liability has to be based on the ownership of property provisions of La.Civ.Code articles 667-669. Defendant’s liability to plaintiffs under Article 669, for a nuisance, ended when construction was completed and the nuisance abated, and plaintiffs have been compensated for that damage. The City’s constructions or activities were not ultra-hazardous. All that is left to decide is whether the depreciation of value of the Stew-arts’ property caused by the use by the City of its property as a water pumping plant is a compensable damage item under Articles 667 and 668. On the basis of the jurisprudence we agree with the trial court that this is not a compensable item of damage.
The Supreme Court in Jeansonne v. Cox, 233 La. 251, 96 So.2d 557 (1957) held that damages for depreciation of property caused by the close proximity of a canal on neighboring land is a species of damages not recoverable under the law in the absence of a physical invasion of property resulting in damage.
In Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975), in a per curiam addressed to an application for rehearing, the Supreme Court declared that a cause of action for damages based upon a depreciation of land value under the theory of abuse of right as expressed by La.Civ.Code arts. 667 and 668 was stated because there were allegations of the maintenance of an ultra-hazardous construction, but that “allegations of damage based upon a depreciation of land value because of ordinary constructions and activities on a neighbor’s property [do not] necessarily state a cause of action.”
The case Schulingkamp v. Board of Levee Commissioners of Orleans, 425 So.2d 913 (La.App. 4th Cir.1983), reversed a trial court award of $7500 as damages for diminution of the value of plaintiffs’ property as a result of the construction of a building by the defendant on his neighboring property. The basis for the trial court award, granted under Articles 667 and 668, was that plaintiff had spent a lot of money buying and improving a residence from which he had a view of oak trees and a park, and that after his neighbor built a building plaintiff then had a view only of the wall of the building instead of the oak trees and the park. The Fourth Circuit reversed, holding that the property owner had not proved that his neighbor’s use of the property constituted ultra-hazardous activity or negligence on the neighbor’s part, and that plaintiff could not recover under the Code articles.
Similarly, in Elnaggar v. Fred H. Moran Construction Corporation, 468 So.2d 803 (La.App. 1st Cir.1985), the owners-occupants of a 5,000-square-foot home sued a developer-owner of neighboring property because of the latter’s plans to build a densely packed subdivision of single-family dwellings next door. One basis of the suit was La.Civ.Code art. 667. The plaintiffs alleged that the development was an abuse of right and that it would result in greatly diminishing the value of their home. Holding that an exception of no cause of action was properly maintained, the First Circuit found that, as a matter of law, the development of a residential subdivision containing homes less ostentatious than plaintiffs’ home on land abutting plaintiffs’ property did not confer upon plaintiffs-abutting property owners an action for damages under La.Civ.Code art. 667.
In the present case, because the construction and activity conducted by the City of Pineville was not ultra-hazardous, *30 and because, after the nuisance ended, there was no physical invasion of plaintiffs’ property, the damage to their property, although real, is not compensable based on either of those sources of liability. Since there was no negligence, no violation of any zoning laws or other restrictions applicable to the property, and nothing else in the City’s conduct of its right to use the property that might amount to an abuse of right, the damage is not compensable based on the theory of abuse of right as expressed by La. Civil Code articles 667 and 668.
We affirm the trial court. Appellants will pay the costs of this appeal.
AFFIRMED.