# PALM SPRINGS MILE ASSOCIATES, LTD. v ROBBINS, etc., et al.

## Case No. 87-27833 CA 22

Eleventh Judicial Circuit, Dade County

March 6, 1989

### APPEARANCES OF COUNSEL

**John G. Fletcher, Esquire,** for plaintiff.

**Robert A. Ginsburg,** Dade County Attorney, and **Daniel A. Weiss,** Assistant County Attorney, for defendants.

### OPINION OF THE COURT

ROBERT P. KAYE, Circuit Judge.

### *ORDER DENYING PLAINTIFF'S MOTION FOR FINAL SUMMARY JUDGMENT AS TO COUNTERCLAIM*

THIS CAUSE came before the Court on February 28, 1989 pursuant to notice on the Plaintiff's motion for final summary judgment as to counterclaim, with respect to which motion the parties agreed that no

material facts were in dispute. Based on the following analysis, the motion is denied.

The taxpayer contends that § 194.171(2), Florida Statutes, is a statute of nonclaim which absolutely bars a property appraiser's counterclaim if filed more than 60 days from the date a decision is rendered by the property appraisal adjustment board. The Property Appraiser responds that § 194.171(2) governs only the time for filing a taxpayer's suit to contest an assessment, and that the time within which a Property Appraiser's "appeal" may be brought is governed not by § 194.171(2), admittedly a statute of nonclaim, but by § 193.122(4), a statute of limitations. The Court concludes that if the filing of the Property Appraiser's counterclaim is governed by a statute of limitations rather than by a statute of nonclaim, *Allie v Ionata,* 503 So.2d 1237 (Fla. 1987), provides the Property Appraiser with a plea in recoupment which may be used to obtain affirmative relief.

At the hearing, the Court reviewed the statutory scheme set fourth in Chapters 193 and 194 and the case law interpreting those statutes. In *Bystrom v Florida Rock Industries, Inc.,* 502 So.2d 35, 36 (Fla. 3d DCA) *rev. denied,* 511 So.2d 29 (Fla. 1987), the Third District distinguished between the two aforementioned statutes, specifying that ¹93.122 governs the time within which the property appraiser files suit to seek review of a property appraisal adjustment board decision, while § 194.171(2) provides the time limitation within which *"property owners"* must file suit. The statutory scheme governing circuit court actions distinguishes between suits instituted by property owners and those instituted by property appraisers.*

The very statute upon which the taxpayer relies in its attempt to

---

\* *Compare* § 193.122(4), Florida Statutes (1987) ("An appeal of a property appraisal adjustment board decision *pursuant to § 194.936(1)(a) or (b) by the property appraiser* shall be filed . . . within 30 days of recertification under subsection (3)."); § 194.036(1) ("If the *property appraiser* disagrees with the decision of the [property appraisal adjustment] board, he may appeal the decision to the circuit court . . ."); *with* § 194.034(1)(b) ("Nothing herein shall preclude an aggrieved *taxpayer* from contesting his assessment *in the manner provided by § 194.1714* . . ."); § 194.036(2) ("Any *taxpayer* may bring an action to contest a tax assessment *pursuant to § 194.171.*"); § 194.171(3) ("Before a *taxpayer* may bring an action to contest a tax assessment . . ."); § 194.171(4) ("Payment of a tax. . .shall not prejudice *the right of a taxpayer to bring a timely action as provided in [§ 194.171] subsection (2) . . .*")' § 194.171(5) ("No action to contest a tax assessment may be maintained . . . unless all taxes on the property assessed in years after the action is brought, *which the taxpayer* in good faith admits to be owing, are paid before they become delinquent."); and § 194.171(6) ("A court shall lose jurisdiction of a case *when the taxpayer has failed to comply* with the requirements of subsection (5).").

defeat jurisdiction over the Property Appraiser's counterclaim, § 194.171, by its very terms manifests the distinction between taxpayer-initiated suits and property appraiser-initiated suits. That is, it requires prompt good faith payment of current year's taxes and attachment of a receipt evidencing such payment, as well as payment of subsequent years' taxes before delinquency. Clearly, these jurisdictional requirements of § 194.171 can have no place in a property appraiser-initiated contest. Were the Plaintiff's argument taken to its logical conclusion, a taxpayer could defeat the Court's jurisdiction over a property appraiser-initiated suit by simply allowing a subsequent year's tax to become delinquent. Nothing in § 194.171 indicates that its jurisdictional provisions apply to property appraiser-initiated actions.

The Court finds that a property appraiser's "appeal" of a property appraisal adjustment board decision pursuant to § 194.036(1), such as the counterclaim herein, is a compulsory counterclaim against a taxpayer's suit to contest a tax assessment pursuant to § 194.171. Upon the foregoing, the Court concludes that the Property Appraiser's counterclaim is governed not by § 194.171(2), but by § 193.122(4), a statute of limitations, and by the acknowledged common law rule that the defense of statute of limitations is waived with respect to a compulsory counterclaim raised in response to a plaintiff's timely claim. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Plaintiff's motion for final summary judgment as to the Defendant's counterclaim is denied.

DONE AND ORDERED in Chambers, at Miami, Dade County, Florida, this 6th day of March, 1989.